# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **DROPLETS, INC.**<br><br>            **Plaintiff,**<br><br>     **v.**<br><br>**OVERSTOCK.COM, INC.,**<br>**SEARS ROEBUCK & CO.,**<br>**SEARS BRANDS LLC,**<br>**SEARS HOLDINGS CORPORATION,**<br><br>            **Defendants.** | **Civil Action No.  2:11-cv-00401-JRG-RSP**<br><br><br><br>**JURY TRIAL** |

## JOINT PROPOSED PRELIMINARY INSTRUCTIONS

I now have some preliminary instructions that I want to give you this morning before we start with the opening statements from the lawyers and get on to the evidence.

You have now been sworn as the jurors in this case, and as the jury, you are the sole judges of the facts, and as such, you alone will decide and determine all the facts in this case.

As the Judge, I will give you instructions on the law, decide any questions of law that arise during the trial, handle matters of evidence and procedure, and I'm responsible to manage the flow of the trial and maintain the decorum of Court.

At the end of the evidence, I'll give you detailed instructions about the law to apply in deciding this case, and I'll give you a list of questions that you are then to answer.

This list of questions is called the verdict form.  Your answers to these questions will need to be unanimous, and your answers will constitute the verdict in this case.

I now want to briefly tell you about what this case is about.  This case involves a dispute regarding certain United States patents.

### A.  PATENTS AND HOW THEY ARE OBTAINED

Now, I know that you saw the patent film, but I want to give you some instructions here on the record about a patent and how one is obtained.

Patents are granted or denied by the United States Patent and Trademark Office, sometimes called the PTO.

A valid United States patent gives the patent holder the right for up to 20 years from the date the patent application is filed to prevent others from making, using, offering to sell, or selling the patented invention within the United States or from importing it into the United States without the patent holder's permission.

A violation of the patent holder's rights is called infringement.  The patent holder may try to enforce a patent against persons it believes to be infringers by a lawsuit filed in federal court.  That is what we have before us in this case.

The process of obtaining a patent is called patent prosecution.  To obtain a patent, one must first file an application with the PTO.  The PTO is an agency of the federal government which employs trained Examiners ho review patent -- or review application for patents.

The application includes what is called a specification.  The specification contains a written description of the claimed invention telling what the invention is, how it works, how to make it, and how to use it.

The specification concludes or ends with one or more numbered sentences.  These numbered sentences are the patent claims.  When a patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

After the applicant files the application, an Examiner reviews the application to determine whether or not the claims are patentable, that is to say appropriate for patent protection, and whether or not the specification adequately describes the invention claimed.

In examining a patent application, the Examiner reviews certain information about the state of the technology at the time the application was filed.  The PTO searches for and reviews this type of information that is publicly available or submitted by the applicant.  This type of information is called prior art.

The Examiner reviews this prior art to determine whether or not the invention is truly an advance over the state of the art at the time.  Prior art is defined by law, and I will give you at a later time specific instructions as to what constitutes prior art.

However, in general, prior art includes information that demonstrates the state of technology that existed before the claimed invention was made or before the application for the patent was filed.

A patent contains a list of certain prior art that the Examiner has considered.  The items on this list are called the cited references.

After the prior art search and examination of the application, the Examiner informs the applicant in writing of what the Examiner has found and whether the Examiner considers any claim to be patentable and thus allowed.  This is called an office action.

However, if the Examiner rejects the claims, the applicant has an opportunity to respond to the Examiner to try to persuade the Examiner to allow the claims.  The applicant also has the chance to change the claims or submit new claims.

This process may go back and forth between the applicant and the Examiner for some time until the Examiner is satisfied that the application meets the requirements for a patent, and in that case, the application issues as a patent, or in the alternative, if the Examiner's ultimate conclusion is that the application should be rejected, then no patent is issued.

Sometimes patents are issued after appeals within the PTO or to a court. The papers generated during these communications back and forth between the Examiner and the applicant are called the prosecution history.

The fact that the Patent and Trademark Office grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves protection of a patent.

While the issued patent is presumed valid under the law, a person accused of infringement has the right to argue here in federal court that a claimed invention in a patent is invalid.

For example, the PTO may not have had available to it all other prior art that will be presented to you. It is your job as the jury to consider the evidence presented by the parties and determine independently and for yourselves whether or not the Defendants have proven that the patent is invalid.

To help you follow the evidence, I will now give you a brief summary of the positions of the parties.

## CONTENTIONS OF THE PARTIES

Droplets seeks damages from Defendants for allegedly infringing certain claims of U.S. Patent Nos. 6,687,745, 7,502,838, and 8,402,115 ("the '745, '838, and '115 patents"). For convenience, I will often refer to a patent by its last three numbers, '745, '838, and '115, or as the patents-in-suit. Specifically, Droplets contends that Defendants have infringed the patents-in-suit by providing certain embedded interactive functionality through their websites, specifically the following features: search suggest, add to cart, edit/remove from cart, mouse hover over shopping cart, load more results, and store pickup locator. Droplets seeks damages in the form of a royalty.

4

Defendants deny that they have infringed the claims of the '745, '838, and '115 patents. Defendants also deny that they have induced others to infringe the claims of the '745, '838, and '115 patents. Defendants further deny that Droplets is entitled to any damages.

In addition, Defendants contend that Droplets' asserted claims are invalid because they are [Droplets proposes: either anticipated by or] [Defendants propose anticipated by and] rendered obvious by one or more prior art references. Defendants also contend that the asserted claims are invalid because [Defendants propose: they are indefinite,]<sup>1 2</sup> they are not enabling, and they fail to meet the written description requirement. [Defendants propose: Defendants further contend that Droplets should be estopped from asserting any claims against Defendants, that Droplets is barred from asserting any claims against Defendants, and that Droplets' alleged damages are barred or limited due to Droplets' failure to comply with the statutory marking requirements.]<sup>3 4</sup> [Defendants propose: Defendants further contend that they have a license to

---

[1] Defendants contend that indefiniteness is a proper subject for consideration by the jury as an advisory finding for the Court, just as other invalidity theories are presented to the jury for advisory findings, *i.e.*, obviousness, anticipation, non-enablement, and failure to include a written description. Further, Defendants have not waived indefiniteness. The Docket Control Order actually states that, "***In lieu of early motions for summary judgment***, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing." Dkt. 175 at 4 (emphases added). Accordingly, the Docket Control Order neither provides that a party waives indefiniteness arguments not included in the *Markman* briefing, nor does it state that indefiniteness cannot be presented to the trier of fact if not raised in the *Markman* briefing; rather, it simply prohibits raising indefiniteness arguments in ***early*** motions for summary judgment in lieu of *Markman* briefing. *Id.* Moreover, Defendants ***did*** raise indefiniteness in their *Markman* briefing. *See* Dkt. 203 at 10, 28–29. Defendants' additional briefing on the subject is included in their Response to Droplets' Motion to Exclude Stephen Gray. Dkt. 276 at 2–5.

[2] Droplets objects to this instruction as indefiniteness is a matter of claim construction for the Court to decide. *See Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1319 (Fed. Cir. 2008) ("Indefiniteness is a matter of claim construction, and the same principles that generally govern claim construction are applicable to determining whether allegedly indefinite claim language is subject to construction."); *LNP Eng'g v. Miller WasteMills, Inc.,* 275 F.3d 1347, 1357 (Fed. Cir. 2001) ("A determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims."). The Court rejected Defendants' indefiniteness arguments during claim construction and Defendants have waived any further indefiniteness arguments. *See* Dkt. 175. Droplets' additional arguments are presented at dkt. 257 at 2 and dkt. 281 at 1.

[3] Droplets objects because these defenses are equitable in nature. Accordingly, they are for the Court to decide, not the jury.

[4] Defendants respond that these defenses, and especially the limitation on damages based on marking, is a proper subject for consideration by the jury, at least (in the case of filed defenses) as an advisory finding for the Court.

practice the asserted claims.] [5] [6] [Defendants propose: Finally, Defendants contend that Droplets has exhausted its right to assert its patents against Defendants.] [7] [8]

Invalidity is a defense to infringement. Therefore, even though the U.S. patent and Trademark Office or PTO has allowed the asserted claims, you, the jury, must decide whether those claims are invalid.

Your job is to decide whether any of the asserted claims are invalid.

If you decide that any claim of the patent has been infringed and is not invalid, you will then need to decide what amount of money damages are to be awarded as compensation for such infringement.

My job in this case is to tell you what the law is, handle the rulings on evidence and procedure, and to oversee the conduct of the trial as efficiently and effectively as possible.

In determining the law, it is specifically my job to determine the meaning of any claim language from within the asserted patents that needs interpretation.

Claim language is the language in those numbered paragraphs at the end of the patent. You must accept the meanings I give you and use those meanings when you decide whether any particular claim has or has not been infringed and whether or not any claim is invalid.

You'll be given a document in a moment that reflects those meanings which I have determined.

---

[5] Droplets objects because license interpretation is a matter for the Court, not the jury.

[6] Defendants respond that their license defense is a proper subject for consideration by the jury as an advisory finding for the Court. Further, their license defense incorporates fact questions that are the proper purview of the jury.

[7] Droplets objects because patent exhaustion is a matter for the Court, not the jury.

[8] Defendants respond that their exhaustion defense is a proper subject for consideration by the jury as an advisory finding for the Court. Further, their exhaustion defense incorporates fact questions that are the proper purview of the jury.

Also, any claim term for which I have not provided you with the definition, you should apply the ordinary meaning.

If I have provided you with a definition, however, you are to apply my definition to those terms throughout the case.

Nevertheless, my interpretation of the language of the claims should not be taken as an indication by you that I have a personal opinion or any opinion at all regarding issues such as infringement and invalidity.  Those issues are yours alone to decide.

I will provide you with more detailed instructions on the meaning of the claims before you retire to deliberate and reach your verdict.

In deciding the issues that are before you, you'll be asked to consider specific legal rules, and I'll give you an overview of those rules now and then later give you much more detailed instructions.

The first issue you will be asked to decide is whether a Defendant has infringed any of the asserted claims of the asserted patents.

Infringement is assessed on a claim-by-claim basis.  Therefore, there may be infringement as to one claim but no infringement as to another.

There also are a few different ways that a patent can be infringed.  I will explain the requirements for each of these types of infringement to you in detail at the conclusion of the case.

In general, however, a Defendant may infringe the asserted patents by making, using, selling, or offering for sale in the United States or importing into the United States a product or practicing a method meeting all the requirements of a claim of the asserted patent.

I will provide you with more detailed instructions on the requirements for each of these types of infringement at the conclusion of the case.

Another issue that you will be asked to decide is whether the asserted patent is invalid. A patent is presumed valid but may be found to be invalid for a number of reasons, including because it claims subject matter that is not new or is obvious.

For a claim to be invalid because it is not new, a Defendant must show by clear and convincing evidence that all of the elements of a claim are present in a single previous publicly known or used device or method or sufficiently described in a single previous printed publication or patent. We call these items prior art.

If a claim is not new, it is said to be anticipated.

Another way that a claim can be found to be invalid is that it may have been obvious. Even though a claim is not anticipated because every element of a claim is not shown or sufficiently described in a single piece of prior art, the claim may still be invalid if it would have been obvious to a person of ordinary skill in the field of technology of the patent at the relevant time.

You will need to consider a number of questions in deciding whether the inventions claimed in the asserted patents are obvious. I will provide you with detailed instructions on these questions at the conclusion of the trial.

If you decide that any claim of the asserted patents has been infringed and is not invalid, that is, its presumption of validity has survived, then you will need to decide what amount of money damages are to be awarded as compensation for the infringement.

A damage award must be adequate to compensate the patent holder for the infringement, but in no event may the damage award be less than what the patent holder would have received had it been paid a reasonable royalty for the use of its patent.

I will instruct you later on the meaning of a reasonable royalty. The damages you award are meant to compensate patent holder and not to punish a Defendant. You may not include in your award any additional amount as a fine or penalty above what is necessary to fully compensate the patent holder for the infringement.

I'll give you more detailed instructions on the calculation of damages at the conclusion of the trial.

You're going to be hearing a number of witnesses in this case, and I want you to keep an open mind while you're listening to the evidence and not decide any facts until you've heard all of the evidence. While the witnesses are testifying, remember that you will be the ones who have to decide the degree of credibility and believability to allocate to each of the witnesses.

So while they're testifying, you should be asking yourself: Does this witness impress you as truthful? Does he or she have a reason not to tell the truth?

Does he or she have any personal interest in the outcome of the case?

Does the witness seem to have a good memory?

Did he or she have the opportunity to observe accurately the things they testified about?

Did the witness appear to understand the questions clearly and answer them directly?

And, of course, does the witness' testimony differ from the testimony of other witnesses, and if it does, how does it differ?

These are the kinds of things you should be thinking about while you're listening to each witness.

The court reporter in front of me is here taking down everything that is said, but that transcript will not be ready in time for your deliberations.  It's prepared in the event that there's an appeal to an appellate court to review this.  So you'll each have to rely on your memories.

In a moment, you're each going to be given a juror notebook.  One of the things in the back of that notebook are blank pages that you can use to take notes.  It's up to each of you to decide whether or not you want to take notes and how detailed you want those notes to be.

But, remember, those notes are for your own personal use.  You have to rely on your memory of the evidence, which is why you should pay close attention to the testimony of each witness.

You should not abandon your own recollection because somebody else's notes indicate something different.  Your notes are to refresh your recollection, and that's the only reason for which you should be keeping them.

I'm now going to ask our court security officer to hand out these juror notebooks to each of you at this time.

(Notebooks passed to jurors.)

THE COURT:  In these notebooks, Ladies and Gentlemen, you'll see that you each have a copy of the asserted patents that we've talked about.

Also in your notebook, you'll see some pages listing the claim terms.  Those are the words that are found in those numbered claims I've told you about and told you about before.

And then over under construction, in that column are the definitions that the Court has given you to work with regard to those terms.

Whenever you leave each day, be sure you leave your notebooks in the jury room.  They should either be with you in Court or in the jury room at all times and nowhere else.

And you can keep your notes on the legal pad that is in the back of the notebooks, if you want to, and you'll have everything together there in your notebooks.

If you would just put those notebooks down for a moment, you'll have plenty of time to look through those later. But I want to give you my final instructions before we hear the opening statements from counsel.

Each side will make an opening statement in just a moment. You need to understand that each side's opening statement is not evidence. What the lawyers tell you is not evidence. It's simply their explanation of what they hope and expect the evidence will show.

The evidence in this case is the sworn testimony of the witnesses together with the exhibits that are admitted into evidence for your consideration. That's the evidence in this case.

There are two standards of proof that you'll be asked to apply to the evidence depending on the issue that you're deciding.

As the jury, you will apply the burden of proof known as a preponderance of the evidence, as well as the burden of proof known as clear and convincing evidence.

I talked about the burdens of proof before you last Monday during jury selection, but I'd like to take a moment to instruct you again on the different burdens of proof.

A party has the burden of proof on any claim by a preponderance of the evidence. This means that you, the jury, must be persuaded by the credible or believable evidence that the claim or affirmative defense is more probably true than not true. Sometimes this is talked about as being the greater weight and degree of credible testimony.

Here the courtroom, you see the statue of the Lady of Justice holding the scales in front of her. Those scales start out exactly equal.

At the close of the evidence, the Court will submit questions to you, and as to the party who has the burden of proof by a preponderance of the evidence, if you find that placing the evidence on those scales tips the scales ever so slightly in that direction you believe to be the greater weight and degree of credible testimony, then that party has met the burden of proof to establish that issue by a preponderance of the evidence.

But on the other hand, when the party has the burden of proving any defense by clear and convincing evidence, it means that you and the jury must have an abiding conviction that the truth of the party's factual contentions are highly probable.

That's a higher standard of proof than by a preponderance of the evidence.

If you imagine, again, the scales of justice, they have to be tipped more heavily in favor of the party who has the burden of proof by clear and convincing evidence. It's not enough, as it is with a preponderance of the evidence, that the scale be tipped ever so slightly.

None of this is to be confused with the burden of proof called beyond a reasonable doubt, which is the burden that we apply in criminal cases. That burden does not apply in this case or in any civil case, so you should not confuse clear and convincing evidence with beyond a reasonable doubt. Clear and convincing evidence is not as high a standard for proof as beyond a reasonable doubt, but it's higher than a preponderance of the evidence.

I want to talk to you briefly about expert witnesses. When knowledge of a technical subject may be helpful to you as the jury, a person who has special training and experience in that particular field -- we may refer to them as an expert witness -- is permitted to testify to you about his or her opinions on technical matters.

However, you're not required to accept those opinions at all. It's up to you to decide whether you believe that an expert witness or any witness for that matter is correct or incorrect or whether or not you want to believe what they say.

I anticipate that there will be expert witnesses testifying in support of each side in this case, but it will be up to you to listen to their qualifications, and when they give an opinion and explain a basis for it, you will have to evaluate what they say and whether you believe it and to what degree you want to give it any weight.

During the trial, I also anticipate that there will be testimony of a witness that's going to be presented by what we call depositions. In trials, it's tough to get every witness here at the same time. So the lawyers from each side, prior to trial, may take the deposition of a witness.

In a deposition, they have a court reporter present, the witness is under oath, just as if he or she were personally in court, and the parties ask them questions, and it's recorded.

Portions of those video recordings of the questions and answers may be played to you as a part of the trial so that you can see the witness and hear their testimony.

That deposition testimony is entitled to the same consideration, insofar as possible, and is to be judged as to the credibility, weight and otherwise considered by the jury in the same way as if the witness had been present and had given the testimony from the witness stand in open court.

During the trial of the case, it's possible that the lawyers will make certain objections, and I'll make rulings on those objections. It is the duty of an attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not proper under certain orders of the Court or the Rules of Evidence.

Upon allowing testimony or other evidence to be introduced over the object tion of an attorney, the Court does not, unless expressly stated, indicate an opinion as to the weight or effect of such evidence.

As stated before, you, the jury, are the sole judges of the credibility of all the witnesses and the weight and effect of all the evidence.

I want to compliment the parties in this case, because up until today, they have worked very hard, and there may be a lot of exhibits shown to you during the trial.

And through pretrial procedures, all the rulings have already been made by the Court about the admissibility of all the exhibits.  We may have a few more as we go along, but a lot of time has already been saved for you because the parties have worked hard in advance of trial to resolve the majority of these objections.

So if the parties show an exhibit, it means that I have already ruled on the admissibility of that exhibit.  Then they'll ask such questions as they wish to put it in context.

But I just want to let all of you know that both sides have worked very hard to streamline the issues so we all don't have to sit here today during the trial and through the next week and listen to questions about exhibits, such as when was it made; who made it; was it made in the regular course of business.

You don't have to listen to that 75 or a hundred or 150 times because it's already been taken care of.  And the parties are to be complimented because they're trying to make the case streamlined and efficient.

However, all that hard work notwithstanding, it's still possible that objections may arise during the trial.

If I sustain an objection to a question addressed to a witness, then you must disregard the question entirely and may draw no inference from the wording of it or speculate what the witness would have said if I had permitted the witness to answer the question.

If I overrule the objection, then you should consider the question and the answer as if no objection had been made.

By the way, the law of the United States permits a judge to comment to the jury the evidence in a case, but such comments from the judge on the evidence are only an expression of the judge's opinion as to the evidence, and the jury may disregard such comments in their entirety, because I remind you once again, you, the jury, are the sole judges of the facts, the credibility of the witnesses, and how much weight you want to give to their testimony.

That's not my job; that's your job. And as I indicated to you earlier, I intend to try very hard not to comment on any of the evidence or the witnesses throughout the trial.

We're going to hear opening statements from the lawyers in just a few minutes, so I want to give you a brief roadmap of how the trial will be structured.

After the opening statements, Droplets will present its evidence in support of its contentions that some of the claims of its asserted patents have been and continue to be infringed by the Defendants.

To prove infringement of any claim, Droplets must persuade you that it is more likely true than not true that the Defendants have infringed that claim by a preponderance of the evidence.

After Droplets rests, then the Defendants will present their evidence in support of their contention that the claims of the asserted patents are invalid.

To prove invalidity of any claim, Defendants must persuade you by clear and convincing evidence that the claim is invalid.

In addition to presenting its evidence of invalidity, Defendants will put on evidence responding to Droplets' proof of infringement and damages.

Droplets may then put on additional evidence responding to Defendants' evidence that the claims of the asserted patents are invalid and offer any rebuttal evidence of infringement and damages.

This is referred to as rebuttal evidence. Rebuttal evidence may respond to any evidence offered by the Defendants.

After all of the evidence has been presented, I will give you final instructions in this case. Those final instructions are called the Court's charge to the jury.

The lawyers will then present their closing arguments. After that, you will retire to deliberate and reach your verdict.

Also, I repeat my early instruction to you, you are not to discuss the case at all among yourselves during the trial. Only when you retire to deliberate and return a verdict, after all the evidence is in, may you discuss the case between yourselves.

I also want to remind you that the attorneys and the witnesses here today have been instructed by the Court not to talk to you. So as we take breaks and you see them in the hallway in the courthouse, please don't perceive any of their actions as unfriendly or hold it against them if they don't interact with you. That's part of what I require of them.

With those instructions, we are now going to hear Droplets' opening statement followed by the Defendants' opening statement.