IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DROPLETS, INC. | § | |
| | § | |
| v. | § | Case No. 2:11-CV-401-JRG-RSP |
| | § | |
| OVERSTOCK.COM, INC., et al | § | |

## ORDER REGARDING MOTIONS IN LIMINE

Before the Court are Plaintiff's Motions in Limine (Dkt. No. 294) and Defendants' Motions in Limine (Dkt. No. 299). The Court rules as follows.

## Plaintiff's Motions in Limine (Dkt. No. 294)

1. Motion to preclude Defendants from offering any evidence or reference to the ongoing reexamination of the '838 patent.

   **Granted**.

2. Motion to preclude Defendants from offering any argument, evidence, testimony, insinuation, or reference regarding the workload of the PTO (or its examiners), any attempt to disparage the PTO (or its examiners).

   **Granted**. This *limine* shall **not** prevent Defendants from arguing the propriety of the examiners' ultimate determinations to allow the patents-in-suit.

3. Motion to preclude Defendants from offering any argument, evidence, testimony, insinuation, or reference to Droplets as a "troll," "patent assertion entity," or "non-practicing entity" or other disparaging terms.

   **Granted** as to any references to Plaintiff as a "troll." This *limine* shall **not** prevent Defendants from referring to Plaintiff as a "patent assertion entity" or "non-practicing entity."

4. Motion to preclude Defendants from offering any argument, evidence, testimony, insinuation, or reference to the net worth of individuals employed by or affiliated with Droplets.

   **Granted** but only as to non-Droplet's finances.

5. Motion to preclude Defendants from offering any argument, evidence, testimony, or reference to previous legal investigations of witnesses, including Droplets' employee or shareholder affiliation with Enron.

   **Granted**. This *limine* shall **not** prevent Defendants from approaching for instruction if Defendants perceive Plaintiff as unduly bolstering Mr. David Berberian's prior employment history.

6. Motion to preclude Defendants from offering any argument, evidence, testimony, insinuation, or reference that Droplets did not, should have or had the obligation to call or contact Defendants prior to filing this case.

   **Denied.** Plaintiff's reliance on the *SimpleAir, Inc. v. Microsoft* ruling is misplaced as that trial was solely on the issue of damages.

7. Motion to preclude Defendants from offering any argument, evidence, testimony suggesting that Droplets filed in Marshall, Texas for an improper or underhanded purpose or that the EDTX is a popular patent venue.

   **Granted**. This *limine* shall **not** prevent Defendants from inquiring generally into witnesses' relevant geographic connections. Further, this *limine* shall **not** prevent Defendants from probing into a particular witness's connections to Marshall, Texas if the witness so represents such connections.

8. Motion to preclude Defendants from offering any argument, evidence, testimony, insinuation, or references to the possible consequences of a verdict in any parties' favor, including the possible issuance of an injunction, an award of enhanced damages, an award of attorney's fees, or arguments that a verdict would result in (1) consumers paying more for products; (2) the economy being negatively impacted; (3) an injunction or the accused functionalities no longer being available for use; or (4) firings or layoffs.

   **Granted** to the extent it shall preclude testimony that a damages award in this case would negatively impact Defendants' employees or customers.

9. Motion to preclude Defendants from offering any argument, evidence, testimony, insinuation, or reference to the retention agreements or nature of the agreements between the parties and their counsel.

   **Granted** as agreed by parties.

10. Motion to preclude Defendants from offering any argument, evidence, testimony, insinuation, or reference to the "win/loss" record of the parties' expert witnesses, the prior retention of an expert by counsel, what percentage of the time the juries agreed with an expert in other cases or an expert's work in other matters, including the work of Dr. Martin in the Eolas litigation.

    **Granted**. This *limine* shall **not** apply to references to retention by counsel or to the number of times Plaintiff previously retained those experts. This *limine* shall prevent Defendants from offering any argument, evidence, or testimony regarding a particular expert's win-loss record. Any objections regarding Defendants' efforts to impeach Plaintiff's experts with inconsistent testimony from previous litigations shall be addressed at trial.

11. Motion to preclude Defendants from offering any argument, evidence, testimony, insinuation, or reference to the total dollar amount an expert has been paid for his work on behalf of Droplets, unless the evidence is specifically tied to the total amount an expert has been paid in this matter.

    **Granted** to the extent that it shall preclude questions that do not relate to work performed for this particular litigation, or work performed in related litigation that the expert relied upon for his opinions in this case. This *limine* shall **not** preclude Defendants from offering evidence regarding the percent income Plaintiff's experts derive from serving in their capacity as experts.

12. Motion to preclude Defendants from offering any argument, evidence, testimony, insinuation, or reference to settlement discussions between Droplets and other parties or entities (including prior, now-settled defendants in this case, and the defendants in the other related cases including the prior Adobe case, the SDNY case, and/or the NDCA case) or any related documents.

    **Granted** as to settlement discussions and negotiations with any unsettled defendants and as to any mediation statements or other mediation documents pertaining to this case or other Droplets cases or Court-ordered mediations. This *limine* shall **not** apply to settlement agreements containing licenses with settled parties.

13. Motion to preclude Defendants from offering any argument, evidence, testimony, insinuation, or reference to Droplets' infringement investigations of entities other than Defendants, Droplets other pending lawsuits, or entities that Droplets may have considered filing suit against, particularly those entities that Droplets has not sued.

    **Granted** as to references to other currently pending litigation or to the fact that Plaintiff has not filed suit against certain other entities.

14. Motion to preclude Defendants from offering any argument, evidence, testimony, insinuation, or reference regarding products or features previously accused of infringement, Droplets' infringement contentions (in this or other cases related cases) or claims of the patents-in-suit previously asserted.

    **Granted.**  Plaintiff's infringement contentions have minimal probative value and a high risk of undue prejudice and confusion to the jury, and thus are inadmissible under Rule 403.  The same is true for whether Plaintiff has failed to accuse certain products or assert certain claims, or has withdrawn accusations or claims.

15. Motion to preclude Defendants from offering any argument, evidence, or reference to any accounting valuation of the patents-in-suit.

    **Denied** subject to any objections to the underlying exhibits.

16. Motion to preclude Defendants from offering any argument, evidence, testimony, insinuation, or reference to litigation financing, the existence or amounts of Droplets' secured patent litigation notes, or assertions that Droplets' income and revenue is dependent upon patent litigation, with no preclusion on asking a witness the total dollar value of their investment in Droplets or the amount of money they may realize if this litigation is successful.

    **Withdrawn**.

17. Motion to preclude Defendants from offering any argument, testimony, insinuation, or reference regarding the amount of Droplets' revenues or income (or lack thereof), or assertion that Droplets is a "failed company," unless Droplets is permitted to refer Defendants' revenues or income.

    **Withdrawn**.

18. Motion to preclude Defendants from offering any argument, evidence, testimony, insinuation, or reference regarding the construction of terms not proposed for construction, rejected claim construction positions, or claim construction positions that are inconsistent with the Court's claim construction ruling, including, but not limited to attorney argument or the direct or cross-examination of any witness with the prosecution or re-examination history of any of the patents-in-suit in an attempt to elicit testimony on claim construction, prosecution history disclaimers or claim scope in the jury's presence.

    **Denied**. Any objections regarding testimony outside the scope of the Court's Claim Construction Order shall be addressed at the time the evidence is offered at trial.

19. Motion to preclude Defendants from offering any argument, evidence, testimony, or reference by Defendants to amendments or arguments made during prosecution of the patents by the applicant or PTO examiner.

    **Denied**.

20. Motion to preclude Defendants from offering any argument, evidence, testimony, insinuation, or reference to Defendants' alleged rights under the Droplets/Adobe license or the Droplets/RPX license (including the Droplets/RPX sub-agreements with other parties). This does not preclude mentioning or referring to the existence of these agreements generally.

    **Withdrawn**.

21. Motion to preclude Defendants from offering any argument, evidence, testimony, insinuation, or reference regarding Defendants' understanding or interpretation of the terms or scope of the Droplets/Adobe and Droplets/RPX license (including the Droplets/RPX sub-agreements with other parties) agreements, what products are or are not covered as part of those agreements, the scope of the license grants, or the scope of covenants not to sue. This does not preclude mentioning or referring to the existence of these agreements generally.

    **Withdrawn**.

22. Motion to preclude Defendants from offering any argument, evidence, testimony, insinuation, reference, or assertion that a document or thing is "prior art" without

first proving authenticity and laying the foundation that it is "prior art" under one or more subsections of 35 U.S.C. §§ 102, 103.

**Withdrawn** subject to any objections to the underlying exhibits.

23. Motion to preclude Defendants from offering any argument, evidence, testimony, or insinuation that Defendants do not infringe because they practice the prior art.

    **Granted**. This *limine* shall **not** prevent Defendants from offering arguments, evidence, or testimony regarding their invalidity defenses.

24. Motion to preclude Defendants from offering any argument, evidence, testimony, insinuation, or reference by Defendants to their own patents preventing a determination of infringement in this case, that such patents cover the accused features and that such ownership prevents a determination of infringement in this case, or that third parties own patents that cover the accused features and that such ownership prevents a determination of infringement in this case.

    **Denied**.

25. Motion to preclude Defendants from offering any argument, evidence, testimony, or reference to alleged non-infringing alternatives not disclosed during discovery.

    **Withdrawn**.

26. Motion to preclude Defendants from offering any argument, evidence, testimony, or reference comparing the prior art to Droplets' infringement theories rather than the Court's claim constructions, or comparing the preferred embodiments or the commercial embodiment to the accused features.

    **Denied**.

27. Motion to preclude Defendants from offering any argument, evidence, testimony, or reference by Defendants to any outcome-oriented payment from prior litigations received by any Droplets witness.

    **Granted**. This *limine* shall **not** prevent Defendants from offering arguments, evidence, or testimony relating to the <u>amount</u> of past income received from Droplets or the amount <u>and</u> contingent nature of income to be received in connection with this particular litigation.

28. Motion to preclude Defendants from offering any argument, evidence, testimony, or reference to either party's technology tutorial.

|   |   |
|---|---|
|   | **Withdrawn**. |
| 29. | Motion to preclude Defendants from offering any argument, evidence, testimony from a lay witness that purports to opine on non-infringement of the patents-in-suit as such testimony is the province of expert witnesses.<br>**Withdrawn**. |

**Defendants' Motions in Limine (Dkt. No. 299)**

| | |
|---|---|
| 1. | Motion to Preclude Droplets From Being Permitted to Mention, Reference, or Use its Settlement or License Agreements for Any Purpose.<br>**Denied**. |
| 2. | Motion to Preclude Droplets From Being Permitted to Introduce Any Mention or Reference to the PTO's Allowance of the '745 Patent During Inter Partes Reexamination.<br>**Granted.** While this issue presents a closer question, the differences in prior art presented to the PTO, the different standard employed, and the settlement by the party that requested the re-examination before completion of the proceeding, together with the multiplicity of patents and post-grant proceedings persuades the Court that the minimal additional probative value of the allowance is outweighed by the risk of confusion and unfair prejudice. |
| 3. | Motion to Preclude Droplets From Being Permitted to Introduce Any Mention of or Reference to Denial of Petition for CBM Review of the '115 Patent.<br>**Granted**. |
| 4. | Motion to Preclude Droplets From Being Permitted to Introduce Any Testimony Regarding Facts Believed by Plaintiff to Evidence Willfulness.<br>**Granted** as agreed by the parties. |
| 5. | Motion to Preclude Droplets From Being Permitted to Introduce Any Testimony Claiming That Defendants Knew or Should Have Known of the Patent-in-Suit Prior to This Lawsuit.<br>**Denied.** |

6. Motion to Preclude Droplets From Being Permitted to Introduce Any Reference To Copying by Defendants.

    **Granted** as agreed by the parties.

7. Motion to Preclude Droplets From Being Permitted to Introduce Any Testimony Purporting to Claim that Plaintiff is a Commercial Success.

    **Withdrawn**.

8. Motion to Preclude Droplets From Being Permitted to Introduce Any Testimony or Reference to Any Alleged Contribution of the Patented Invention to Defendants' Revenue or Profit.

    **Withdrawn.**

9. Motion to Preclude Droplets From Being Permitted to Introduce Evidence of Defendants' Total Revenue and Profit.

    **Withdrawn.**

10. Motion to Preclude Droplets From Being Permitted to Offer New Opinions at Trial Not Identified in Their Reports.

    **Denied** but the parties are cautioned that experts will be held to the scope of their reports.

11. Motion to Preclude Droplets From Being Permitted to Introduce Any Testimony or Argument that Defendants Contributed to Droplets' Failure as a Company or Droplets' Failure to Sell Its Products.

    **Withdrawn**.

12. Motion to Preclude Droplets From Being Permitted to Introduce Any Testimony Regarding Doctrine of Equivalents Analysis that is Not Provided in the Report of David Martin.

    **Denied**.

13. Motion to Preclude Droplets From Being Permitted to Introduce Any Testimony Regarding a Conception Date Prior to the Filing Date of the Provisional Patent Application.

    **Denied** as to the conception date but **Granted** as to any testimony regarding an earlier priority date.

- 9 -

14. Motion to Preclude Droplets From Being Permitted to Introduce Any Testimony or Referencing that the Patents-in-Suit Are Entitled to a Presumption of Validity. **Withdrawn**.

**SIGNED this 9th day of December, 2014.**

                                                ROY S. PAYNE
                                                UNITED STATES MAGISTRATE JUDGE