IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DROPLETS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 2:11-CV-401 |
| V. | § | |
| | § | |
| OVERSTOCK.COM, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' SUPPLEMENTAL NOTICE OF NEW AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF ROBERT MILLS**

Defendants Overstock.com, Inc., Sears Roebuck & Company, Sears Brands LLC, and Sears Holdings Corporation (collectively, "Defendants") file this Supplemental Notice of Authority in Support of Defendants' Motion to Exclude the Testimony of Robert Mills ("Defendants' Motion or "Motion") (Dkt. 259).

Attached hereto as Exhibit A is a copy of the recent order from the Eastern District of Texas, dated December 23, 2014, excluding Robert Mills' expert testimony regarding reasonable royalty damages in a patent infringement suit. *Smartflash LLC v. Apple, Inc.*, No. 6:13-cv-00447-JRG-KNM, Dkt. 374 (E.D. Tex. Dec. 23, 2014) (Ex. A). This authority is new and highly relevant, as it concerns the exact same expert witness employing some of the same methodologies challenged in Defendants' pending Motion to Exclude Robert Mills. In *Smartflash*, similarly to this case, Mr. Mills based his damages calculations on surveys which asked respondents if certain features "motivated" them to purchase accused products. *Id.* at 2. As in this case, the survey relied upon by Mr. Mills in *Smartflash* failed to apportion the survey results between the contributions of patented features and non-patented features. *Id.* at 4.

Indeed, as in this case, in *Smartflash* Mr. Mills "did not apportion between the contribution of the patents and other complementary assets in the accused devices." *Id.* at 5.

The formula utilized by Mr. Mills in *Smartflash* is as follows:

| **share of survey respondents who said the infringing feature "motivated" them the buy the accused device** | x | **average revenue per accused device** | = | **royalty base** |

*See id.* at 4.  Accordingly, Mr. Mills' methodology was held by the court to be fatally flawed because he failed to distinguish between the patented and non-patented features of the accused devices.  *See id.* at 4-5.  Consequently, the court in *Smartflash* excluded Mr. Mills' opinions regarding his reasonable royalty calculation.

In this case, like *Smartflash,* Mr. Mills also relies on a survey which does not ask the correct questions and which fails to distinguish between patented and non-patented features.  *See* Dkt. 258, Mtn. to Exclude Schwartz.  Instead of apportioning the allegedly patented aspects of the accused website features to the unpatented aspects or apportioning each accused website feature from the other accused website features, the survey relied upon by Mr. Mills asks about the impact on the respondents' purchasing behavior only if *all* accused features were absent from the respective websites.  *See* Dkt. 258, Mtn. to Exclude Schwartz at 4-5.  Indeed, the formula utilized by Mr. Mills in this case is very similar to the formula that he used in *Smartflash*:

| **share of survey respondents who said they would have stopped shopping at the accused websites if all accused features were removed** | x | **(total website revenue x estimated profit margin)** | = | **royalty base** |

*See* Dkt. 259 at 5.

Also like *Smartflash*, Droplets argues that the small size of the multiplier (effectively reducing the royalty rate) removes Mr. Mills' methodology from the disfavored entire market value rule.  *Compare* Ex. A at 4-5 (*Smartflash* Dkt. 374), *with* Dkt. 278 at 3 (Droplets' Response

to Defs.' Mot. to Exclude Mills).  However, as the court concluded in *Smartflash*, "[e]ven though [Plaintiff] seeks damages for only a subpopulation of the accused products, for that subpopulation, Mr. Mills assumed the patented features alone motivated the purchasers."  Ex. A at 5 (*Smartflash* Dkt. 374).  Accordingly, the court in *Smartflash* concluded that Mr. Mills' methodology was erroneous.  For the same reasons articulated in *Smartflash*, in addition to the reasons in the recent opinion by the Federal Circuit in *Virntex v. Cisco Sys., Inc.* prohibiting arbitrary royalty rates like the one applied by Mr. Mills in this case, and the other reasons discussed in Defendants' Motion to Exclude Robert Mills, Mr. Mills' testimony regarding reasonable royalty should be excluded.

Dated: December 30, 2014                          Respectfully submitted,

                                              */s/ John H. Barr, Jr.*
                                                 John H. Barr, Jr.
                                                 Attorney-in-Charge
                                                 State Bar No. 00783605
                                                 Christopher A. Shield
                                                 State Bar No. 24046833
                                                 Timothy R. Geiger
                                                 State Bar No. 24078552

BRACEWELL & GIULIANI LLP
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300 – Telephone
(713) 221-1212 – Facsimile

**ATTORNEYS FOR DEFENDANTS OVERSTOCK.COM, INC., SEARS, ROEBUCK AND CO., SEARS BRANDS, L.L.C., AND SEARS HOLDINGS CORPORATION**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via electronic filing system pursuant to the Federal Rules of Civil Procedure on the 30th day of December, 2014.

                                        */s/ John H. Barr, Jr.*
                                        John H. Barr, Jr.