IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DROPLETS, INC.<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OVERSTOCK.COM, INC.,<br>SEARS ROEBUCK & CO.,<br>SEARS BRANDS LLC,<br>SEARS HOLDINGS CORPORATION,<br><br>　　　　Defendants. | Civil Action No.  2:11-cv-00401-JRG-RSP<br><br><br>JURY TRIAL |

**PLAINTIFF DROPLETS, INC.'S RESPONSE IN OPPOSITION TO DEFENDANTS'
OBJECTIONS TO MAGISTRATE JUDGE PAYNE'S PRETRIAL ORDER
EXCLUDING SEARS' WITNESSES MATT LIFKA AND MEENAKSHI NAIR**

Plaintiff Droplets, Inc. ("Droplets") files this Response in Opposition to Defendants' Objections to Magistrate Judge Payne's Pretrial Order Excluding Sears' Witnesses Matt Likfa and Meenakshi Nair (collectively "the witnesses"), and respectfully shows as follows:

## I.      INTRODUCTION

Judge Payne correctly excluded the witnesses—neither was identified during the fact discovery period as required by Rule 26 and the Court's discovery order. After the close of fact discovery, the Defendants designated the witnesses to testify on "limited" Rule 30(b)(6) topics in response to an agreement reached to partially resolve one of Droplets' motions to compel. Recognizing that Defendants may try to use the belated designation of these previously unidentified witnesses on limited Rule 30(b)(6) topics to "back door" them as trial witnesses, Droplets asked Defendants to also offer them for Rule 30(b)(1) deposition and to produce relevant information from their custodial files. Defendants refused.

Judge Payne recognized that Defendants should not be permitted to pick and choose what after-the-fact discovery they were willing to provide from these witnesses while simultaneously preserving the ability to call them as trial witnesses. Judge Payne's decision to exclude the witnesses from trial was not "clearly erroneous" or "contrary to law." Instead, Judge Payne's order excluding the witnesses was mandated by Rule 37 as a sanction for Defendants' refusal to comply with any of the requirements of Rule 26 (or the Court's discovery order) and continuing refusal to promptly mitigate the prejudice to Droplets as a result of Defendants' discovery failures. Judge Payne's ruling complies fully with the Rules and should not be set aside.

## II.     FACTUAL OVERVIEW AND ARGUMENT

### A.     Rules 26 and 37, Like the Court's Discovery Order, Require The Exclusion of Witnesses Not Identified During Fact Discovery.

Rule 26 required the Defendants to identify "each individual likely to have discoverable

1

information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed.R.Civ.P. 26(a)(1)(A)(i). The Court's discovery order likewise required Defendants to identify "the name, address, and telephone number of persons having knowledge of relevant facts" and the production of all documents "relevant to the pleaded claims or defenses involved in this action." Dkt. 180 at ¶¶ 1(d); 3(b). Defendants admittedly failed to identify either witness as required by the Rules and discovery order. *See* Dkt. 328 at ¶ 2. (Defendants admitting that the witnesses were not identified in discovery).

As a sanction for the failure to identify relevant witnesses in discovery, Rule 37 provides that "the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c). As such, Rule 37 mandates the exclusion of the witnesses who were not identified in fact discovery as Judge Payne ordered, unless the Defendants' failure to identify the witnesses during the discovery period was substantially justified or harmless.

### B. Judge Payne Correctly Concluded That The Defendants' Failure To Identify The Witnesses During Discovery Was Not Substantially Justified Or Harmless.

Defendants' attempt to justify and excuse their failure to identify the witnesses during fact discovery by asserting that "they were designated pursuant to Droplets' request for a Rule 30(b)(6) witness after the close of fact discovery" and that they "complied with Rule 26(e)(1)(A) by identifying Mr. Lifka and Ms. Nair in writing and listing both witnesses on Sears' pre-trial disclosures filed in accordance with the deadlines in this case, and both witnesses were deposed by Droplets." Dkt. 328 at ¶ 2. In their challenge to Judge Payne's order, the Defendants fail to explain that Droplets was forced to compel the depositions from the Defendants, that Defendants only agreed to provide the witnesses to testify on admittedly limited Rule 30(b)(6) topics in partial resolution of one of Droplets' motion to compel, and that Defendants refused to comply

2

with Droplets reasonable requests to also provide the witnesses for Rule 30(b)(1) testimony and to search their custodial files and e-mails for relevant documents in advance of their depositions.

In partial resolution of one of Droplets' motions to compel, Defendants first identified the witnesses to testify on admittedly limited Rule 30(b)(6) topics on October 3, 2014 – more than a month after the close of fact discovery. Ex. A. And, on the same day as Defendants' identification of the witnesses for limited Rule 30(b)(6) topics, and before agreeing to proceed with their depositions, Droplets counsel stated:

> Before we accept these dates [for the witnesses], two questions:  (1) Have you searched for and produced ESI and other relevant documentation from the custodial files of these two individuals?  (2) Since neither of these individuals were listed in your Initial Disclosures, please confirm that if we proceed with their Rule 30(b)(6) depositions you will not use that as a 'back door' to designate either of these individuals as trial witnesses.

*Id*. In response, Defendants refused to search the witnesses' custodial files for relevant information (as they were required to do by the Court's discovery order), refused to provide them for Rule 30(b)(1) deposition and instead purported to "reserve their rights" to use the witness in whatever capacity they deemed proper. *Id*. To which Droplets objected, noting:

> If you 'reserve your right' to call these witnesses at trial, they need to be offered for a Rule 30(b)(1) deposition, in addition to a Rule 30(b)(6) deposition.  So, either agree to offer them in their individual capacities (and produce their e-mail ESI) or agree not to call them as trial witnesses.

*Id*. After a further series of back-and-forths (including an in-person discussion between counsel at a deposition) and to avoid further Court intervention, Droplets agreed to take the "limited" Rule 30(b)(6) depositions of theses witnesses as offered by Defendants, while noting that:

> [W]e will object to any attempt by you to call either of these individuals to testify as live witnesses at trial because you did not identify either of these persons in your Initial Disclosures, you have refused our request to search and produce their relevant custodial files and e-mail ESI, and you have refused to provide them for Rule 30(b)(1) depositions.

*Id*. Subject to these objections, Droplets took the depositions of these witnesses on the limited

3

30(b)(6) topics that Defendants offered them for. Droplets did not examine them as Rule 30(b)(1) witnesses and did not have the benefit of any of the witnesses' custodial files or emails at the time of their Rule 30(b)(6) depositions.

Despite the substantial correspondence on this issue excerpted above, *none* of it was attached to or explained in Defendants' objection to Judge Payne's order. However, and as this correspondence shows, all Defendants needed to do was offer the witnesses for Rule 30(b)(1) depositions (in addition to Rule 30(b)(6) depositions) and agree to search their custodial files for discoverable information. Had Defendants complied with Droplets' reasonable requests and the requirements of the Court's discovery order, and notwithstanding the non-identification of these witnesses in discovery, Defendants may have been able to show that their failure to identify the witnesses in discovery was substantially justified or harmless. Instead, Defendants refused to provide basic discovery from the witnesses and the consequence of their refusal was Judge Payne's decision to exclude the witnesses from trial.

Droplets should not be forced to confront witnesses at trial when Defendants have refused to provide basic discovery or otherwise comply with the requirements of Rule 26 (or the Court's discovery order). In this circumstance, Rule 37 requires the exclusion of these non-identified witnesses from trial.

### C. Judge Payne Correctly Excluded The Witnesses.

At the pretrial conference, Judge Payne heard argument on the exclusion of the witnesses. Hr. Tr. (12/08/14) at 15:14-19:14. After hearing the argument of both parties—including the very same arguments that Defendants make again here—Judge Payne concluded that Rule 37 required that the witnesses "to be identified timely, and they were not" and ordered that "Nair and Lifka will be stricken." *Id*. at 19:12-14.

Defendants muster no new argument or law and omit the significant and relevant

4

correspondence between the parties on this issue. Defendants have not shown that Judge Payne's ruling excluding the witnesses was "clearly erroneous" or "contrary to law" and as such have failed to satisfy the requirements of Rule 37 for setting aside Judge Payne's order excluding the witnesses. Indeed, having failed to disclose the witnesses during fact discovery as required by Rule 26 or agreeing to provide them for Rule 30(b)(1) deposition and search their custodial files and e-mails for documents, Judge Payne's exclusion of the witnesses was entirely proper under the Rules and should not therefore be set aside.

### D. Defendants' Complaints of "Prejudice" Ring Hollow.

Potential prejudice to the Defendants as a result of their decisions to refuse to provide basic discovery from the witnesses as required by the Rules and the Court's discovery order is not a factor to be considered in the Rule 37 analysis—rather, the only factors that matter is whether the failure was "substantially justified" or "harmless." And, as set forth above, Defendants' failure to identify the witnesses during discovery is neither substantially justified nor harmless—it was Defendants' decision not to identify the witnesses during discovery, Defendants' decision not produce the underlying damages documents in discovery, Defendants' decision to refuse to search the custodial files of the witnesses for relevant information, and Defendants' decision to refuse to provide them for Rule 30(b)(1) deposition.  Defendants now regret the consequences of their decisions, and claim prejudice as a result of their decisions, is no basis to set aside Judge Payne's order excluding the witnesses.

Nonetheless, Defendants claim they are prejudiced because Droplets is allegedly misrepresenting a key document on A/B testing—a document that was not produced during discovery and was not produced in the timeframe ordered by the Court in granting Droplets' motion to compel. *See* dkts. 269; 275 (Droplets' Motion for Enforcement of the Court's Order and Alternative Request for Sanctions). Setting aside the fact that Defendants could have cured

5

their claim of prejudice by producing the underlying document during the fact discovery period in compliance with the Rules and the Court's orders, could have identified the witnesses during discovery, could have searched the custodial files of the witnesses for relevant documents, and could have provided the witnesses for Rule 30(b)(1) deposition, Defendants also could have asked the witnesses questions during their Rule 30(b)(6) depositions on the documents that they now claim Droplets is misrepresenting. Instead, Defendants again made a choice not to ask these witnesses any questions, and as a result of Defendants' choice, the factual record reflects only Droplets' questioning of the witnesses. Once again, that Defendants regret the result of their own tactical decision to not question the witnesses in their limited Rule 30(b)(6) deposition is no basis to set aside Judge Payne's order excluding the witnesses.[1]

## III. CONCLUSION

Based on the foregoing, Droplets respectfully asserts that Judge Payne's order excluding the witnesses was not "clearly erroneous" or "contrary to law." Instead, Judge Payne's order was mandated by Rule 37 and Defendants' persistent failures to comply with the disclosure requirements of Rule 26 and the Court's discovery order. Judge Payne's order was correct and should not be set aside.

---

[1] In any event, Droplets agreed not to present any testimony—live or deposition—from either of the witnesses at trial. Hr. Tr. (12/08/14) at 15:14-19:14.

|  |  |
|---|---|
| Dated: January 5, 2015. | **MCKOOL SMITH, P.C.**<br>/ s/ Joshua W. Budwin<br><br>Ted Stevenson III<br>Texas State Bar No. 19196650<br>tstevenson@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>300 Crescent Court Suite 1500<br>Dallas, TX 75201<br>Telephone: (214) 978-4000<br>Telecopier: (214) 978-4044<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@McKoolSmith.com<br>**MCKOOL SMITH, P.C.**<br>104 E. Houston St., Ste. 300<br>P.O. Box O<br>Marshall, Texas 75670<br>Telephone: (903) 923-9000<br>Telecopier: (903) 923-9095<br><br>Josh W. Budwin<br>Texas State Bar No. 24050347<br>jbudwin@mckoolsmith.com<br>James E. Quigley<br>Texas State Bar No. 24075810<br>jquigley@mckoolsmith.com<br>Jennifer A. Albert<br>Texas State Bar No. 24087087<br>jalbert@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>300 West Sixth Street, Suite 1700<br>Austin, Texas 78701<br>Telephone: (512) 692-8700<br>Telecopier: (512) 692-8744 |

7

**MCKOOL 1071267v1**

        Courtland L. Reichman
        California State Bar No. 268873
        creichman@mckoolsmith.com
        Stephanie M. Adams
        California State Bar No. 289548
        smadams@mckoolsmith.com
        **MCKOOL SMITH HENNIGAN, PC**
        255 Shoreline Drive, Suite 510
        Redwood Shores, CA 94065
        Telephone: (650) 394-1400
        Telecopier: (650) 394-1422

        James A. Holmes
        Texas State Bar No.  00784290
        The Law Office of James Holmes, P.C.
        212 South Marshall
        Henderson, TX 75654
        903.657.2800
        903.657.2855 (facsimile)
        jh@jamesholmeslaw.com

        **ATTORNEYS FOR PLAINTIFF**
        **DROPLETS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on January 5, 2015.

        */s/ Joshua W. Budwin*
        Joshua W. Budwin