**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| DROPLETS, INC. | § | |
| | § | |
| v. | § | Case No. 2:11-CV-401-JRG-RSP |
| | § | |
| OVERSTOCK.COM, INC., et al | § | |

**ORDER**

Currently before the Court is Defendants' Overstock Inc., Sears, Roebuck and Company, Sears Brands L.L.C., and Sears Holdings Corporation (collectively, "Defendants") Motion to Exclude the Expert Testimony of Robert Mills (Dkt. No. 259, "Motion to Exclude").

**APPLICABLE LAW**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable."). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for

the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391–92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under *Daubert*] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," *quoting* FED. R. EVID. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## DISCUSSION

In their Motion to Exclude, Defendants set forth three grounds for which to exclude the testimony of Plaintiff's damages expert, Robert Mills ("Mr. Mills").

First, Defendants allege that Mr. Mills' analysis violates the entire market value rule ("EMVR") and should be excluded under the *Daubert* standard. (Mot. at ¶¶ 1–2.) Specifically, Defendants argue Mills' royalty calculation violates the EMVR because Mills' calculation "uses

the total revenue from each Defendant's website to calculate his royalty." (Mot. at ¶ 11.) Defendants contend that such a calculation is impermissible unless it can be shown that the Patents-in-Suit drive demand for Defendants' websites. (*Id*. at ¶ 12.) Plaintiff argues that Mr. Mills does not calculate a reasonable royalty by applying a royalty rate to a base comprising the total market value of or total revenue from Defendants' websites. (Response at p. 2.) In other words, the parties' dispute turns on whether or not Mills implicates the EMVR.

In calculating damages, Mr. Mills apportions the revenue generated by Defendants' websites and includes the revenue attributed to Defendants' use of the infringing features as determined by Dr. Schwartz's survey data. *See generally* (Exh. A, Dkt. No. 278-1) (describing Mr. Mills' income-producing approach that ascribes value based on revenue generated by the accused features); (Exh. B, Dkt. No. 278-2) (same). These calculations are intended to represent the incremental value of these features to Defendants. (Response at p. 4.)

Defendants cannot refute that they do not sell the accused features directly (such as Search Suggest and Add to Cart). Rather, Defendants derive pecuniary benefit through their customers' use of these accused features that result in increased online sales. Mr. Mills' methodology attempts to ascertain the benefit or value of these features to the Defendants by ascribing a percentage of those sales based on actual survey results generated by Dr. Schwartz. Given the nature of the accused features, such methodology is not improper because it seeks to apportion damages between patented and non-patented features as represented by the incremental value of these features to Defendants. Accordingly, the Court is not persuaded that Mr. Mills' testimony should be excluded on this ground.

Moreover, Defendants' reliance on *Smartflash LLC v. Apple, Inc.*, No. 6:13-cv-00447-JRG-KNM, Dkt. 374 (E.D. Tex. Dec. 23, 2014) is equally unavailing.[1] In their supplemental briefing, Defendants argue *Smartflash*—that resulted in the partial exclusion of testimony of Robert Mills—supports their argument that Mills' testimony should be excluded in this case. The Court disagrees. The facts of *Smartflash* are inapposite to the facts of the instant suit.

For instance, whether the testimony should be excluded or not in *Smartflash* turned on whether or not a customer was "motivated" to make her purchase based on that feature. *Id*. at *4. Specifically, the Court recognized that survey questions relating to purchasers' motivations did not account for whether or not such features were the "only" or even a "significant" motivating factor. *Id*. In contrast, Dr. Schwartz's survey does not seek the answer to simple binary-type questions regarding purchasers' motivations or preferences. Rather, Dr. Schwartz's survey provided for responses with varying degrees of the respondents' preferences. *See, e.g.*, (Exh. A, Dkt. 277-1) (asking respondents to rate the "importance" of the feature on a ten-point scale). Therefore, Mr. Mills' survey in the instant case does not suffer the same limitations the court identified in *Smartflash*. Accordingly, Defendants have failed to meet their burden in demonstrating Mr. Mills' testimony should be excluded on this ground.

Second, Defendants argue Mills' royalty rate is arbitrary and unreliable as a matter of law. Specifically, Defendants' predicate their arguments on their contention that Mills' royalty rate was "arbitrary," "unsupported," and that "no evidence or quantitative support is provided whatsoever." (Mot. at pp. 16–17.) Plaintiff argues Mr. Mills determined the royalty by considering the fifteen *Georgia-Pacific* factors to assess the relative bargaining strengths of the

---

[1] *See* Defendants' Supplemental Notice of New Authority in Support of Defendants' Motion to Exclude the Testimony of Robert Mills (Dkt. No. 329) (summarizing the *Smartflash* decision).

parties to reasonably determine the profit generated by the Patents-in-Suit. (Response at p. 6.) Although Defendants may disagree with Mr. Mills' methodology, the record presently reflects that Mr. Mills performed his royalty analysis under *Georgia-Pacific* in a manner that adequately overcomes Defendants' challenges.[2] Put simply, Mr. Mills did not—as Defendants suggest—"create[] a royalty rate . . . out of thin air." (Mot. at ¶ 17.) It is axiomatic that the Court's role under *Daubert* is one of gatekeeper and not of fact finder. If Defendants believe Mr. Mills' report does not adequately support the royalties he identified, they will be accorded an opportunity to attack his factual underpinnings during cross-examination. Accordingly, Defendants have failed to meet their burden in demonstrating Mr. Mills' testimony should be excluded on this ground as a matter of law as well.

Third and finally, Defendants argue Mills should not be allowed to rely on Dr. Schwartz's purported inadmissible survey. Defendants premise this conclusion on their repeated, conclusory statement that Dr. Schwartz's survey is "unreliable." (Mot. at ¶¶ 21–23.) Specifically, Defendants contend Dr. Schwartz's survey is unreliable for the reasons set forth in a separate motion to exclude.[3] (*Id*. at ¶ 21.) The Court will address Defendants' arguments relating to Dr. Schwartz's survey in a separate order and, thus, will not repeat its positions here. Finally, Defendants contend Dr. Schwartz's survey is unreliable because it purports to measure the impact of some of the accused features, but not others. (Mot. at ¶ 22.) Defendants' bare-boned accusations, however, fail to demonstrate why Dr. Schwartz's survey must be excluded as unreliable under the *Daubert* standard. Defendants will have their opportunity to cross-examine Mr. Mills and Dr. Schwartz at trial regarding these perceived deficiencies. Accordingly, Mr.

---

[2] (Exh. A, Dkt. No. 278-1); (Exh. B, Dkt. No. 278-2.)

[3] Motion to Exclude the Testimony of Elliot S. Schwartz (Dkt. No. 258).

Mills' testimony cannot be excluded on the basis that it relies upon underlying data from Dr. Schwartz's survey.

For all the reasons set forth above, the Court finds that Mr. Mills' opinion is sufficiently reliable and relevant to the issue before the jury and, thus, it is appropriate for the jury's consideration.

## CONCLUSION

Having considered all of Defendants' objections to Mr. Mills' opinions, Defendants' Motion to Exclude the Testimony of Robert Mills (Dkt. 259) is **DENIED**.

**SIGNED this 7th day of January, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE