IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DROPLETS, INC. | § | |
| | § | |
| v. | § | Case No. 2:11-CV-401-JRG-RSP |
| | § | |
| OVERSTOCK.COM, INC., et al | § | |

### ORDER

Currently before the Court is Defendants' Overstock Inc., Sears, Roebuck and Company, Sears Brands L.L.C., and Sears Holdings Corporation (collectively, "Defendants") Motion to Exclude the Expert Testimony of David Martin (Dkt. No. 260, "Motion to Exclude").

### APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable."). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are

appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391–92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under *Daubert*] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," *quoting* FED. R. EVID. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## DISCUSSION

In their Motion to Exclude, Defendants set forth five grounds for which to exclude the testimony of David Martin ("Dr. Martin").

First, Defendants argue that any testimony Dr. Martin offers regarding a priority date prior to the date claimed in Plaintiff's infringement contentions should be excluded. (Mot. at ¶¶ 8–9.) The Court notes Defendants proffered a similar argument in their Motion in Limine

filed November 24, 2014. (Dkt. No. 299 at pp. 13–14.) The Court heard oral argument on this issue during the December 8, 2014 pretrial hearing and ruled on the motion shortly thereafter. *See* (Dkt. No. 321) (denying the motion as to the conception date but granting the motion as to any testimony regarding an earlier priority date). Because this issue has been fully briefed, argued, and ruled upon, it will not be revisited here. The Court notes nothing in this Order shall be construed to disturb the Court's previous ruling on this issue.

Second, Defendants argue Plaintiff should not be allowed to amend its infringement contentions. (Mot. at ¶ 10.) In an apparent effort to *preemptively* cutoff any attempt by Plaintiff to amend its contentions, Defendants set forth reasons why Plaintiff should not be permitted to amend its contentions *should* they elect to amend those contentions *at a later time*. *See* (*id.*) ("*In the event* Droplets does seek to amend its infringement contentions . . . the Court should deny Droplets' request.") (emphasis added). Indeed, since the filing of Defendants' Motion to Exclude, Plaintiff has not sought leave of Court to amend its infringement contentions. Arguing for the exclusion of information Plaintiff has yet to supplement is inappropriate and a waste of judicial resources. Accordingly, Defendants request is denied.

Regarding their third argument, Defendants argue Dr. Martin's testimony should be excluded because it is purportedly not based on sufficient facts or data (Mot. at ¶ 15.) Specifically, Defendants argue Dr. Martin "does not does not identify the factual basis to support his conclusions or any analysis of how alleged facts meet the claim limitations or satisfy the Court's construction for claim terms in those limitations." (*Id.*) Defendants continue by providing specific examples where they believe the report contains insufficient factual support. (*Id.* at pp. 10–12.) Plaintiff argues Dr. Martin's report does provide sufficient factual support and it provides specific examples in his report to support its contentions. (Response at pp. 5–9.)

The parties' disagreement as to whether Dr. Martin's analysis contains sufficient facts evidencing infringement is not one the Court must resolve in its role of gatekeeper. *See generally Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Because Defendants have failed to demonstrate that any perceived factual deficiencies of Dr. Martin's report and analysis merit the wholesale striking of his report, Defendants' request is denied on this ground as well.

Similarly, regarding their fifth argument, Defendants contend Dr. Martin's rebuttal testimony should be excluded because it is conclusory as to his opinions regarding Defendants' burden of proof on invalidity and further because Dr. Martin purportedly opines beyond the scope of permissible expert testimony. (Mot. at ¶¶ 22–23.) As noted regarding Defendants' third argument above, the Court need not resolve the parties' disagreement as to whether portions of Dr. Martin's report are conclusory or inconsistent with other portions of his previous testimony in its role as gatekeeper. Such inquiries of sufficiency and credibility are to be ultimately resolved by the jury and Defendants will have ample opportunity to expose any perceived deficiencies or inconsistencies during vigorous cross-examination of Dr. Martin. Accordingly, Defendants' request to strike Dr. Martin's entire report on this basis is similarly denied on this ground as well.

Finally, Defendants' fourth argument attacks the underlying reliability of Dr. Martin's methodology. (Mot. at ¶¶ 19–20.) Specifically, Defendants allege Dr. Martin's methodology is unreliable because it improperly relies solely on his "superficial observation of the display of Defendants' web pages." *See, e.g.,* (*id.*) (addressing whether the JavaScript file "app.js" satisfies the Court's claim construction for the term "interactive link."). Plaintiff argues Dr. Martin's report goes beyond such superficial observations and provides specific citations to his report that explain his methodology and analysis. *See, e.g.*, (Exh. 21, Dkt. No. 297-21) (describing Dr.

Martin's live interaction with the www.sears.com website). The Court is not persuaded that Defendants have shown that Dr. Martin's methodology deviates from industry practice in determining infringement for web-based instrumentalities to merit striking this portion of his testimony. Although Defendants may disagree with the propriety of Dr. Martin's methodology, any perceived limitations of Dr. Martin's endeavors appear to relate to the sufficiency of his analysis. Those purported deficiencies may be adequately addressed on cross-examination. Accordingly, Defendants' request to strike the testimony of Dr. Martin on this ground is denied as well.

For all the reasons set forth above, the Court finds that Dr. Martin's opinion is sufficiently reliable and relevant to the issue before the jury and, thus, is appropriate for the jury's consideration.

Having considered all of Defendants' objections to Dr. Martin's opinions, Defendants' Motion To Exclude the Testimony of David Martin (Dkt. No. 260) is **DENIED**.

**SIGNED this 9th day of January, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE