## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| DROPLETS, INC. | § | |
| | § | |
| v. | § | Case No. 2:11-CV-401-JRG-RSP |
| | § | |
| OVERSTOCK.COM, INC., et al | § | |

## ORDER

On hearings set for January 6, 2015 and January 8, 2015, the Court heard oral argument on the parties' objections to certain exhibits and deposition designations sought for preadmission. Although many of the objections were resolved by way of party agreement or by Court order throughout those hearing, several objections remained and were carried for further consideration. Upon additional consideration of the parties' arguments with respect to these objections, the Court rules as follows:

Regarding, Plaintiff's Exhibits PX146–162, Defendants argue for the exclusion of certain litigation settlement agreements. (Dkt. No. 335) ("Motion.") Specifically, Defendants argue the litigation settlement agreements at issue should be excluded under Federal Rules of Evidence 402 and 403. (Mot. at p. 1.) Specifically, Defendants argue: (i.) the litigation settlement agreements contain no probative value because they purportedly are not an accurate reflection of the invention (Mot. at p. 6); (ii.) the agreements are highly prejudicial and likely to result in juror confusion due to complications involving the litigation settlement decision-making and risk analysis (Mot. at p. 8); and (iii.) the settlement agreements cannot be used as secondary considerations of non-obviousness because Droplets purportedly failed to demonstrate the requisite nexus between the claimed invention and evidence of commercial success. (Mot. at 10.) The Court disagrees.

The concerns Defendants raise relate to the sufficiency and weight of evidence and, thus, are proper for the jury's consideration. That is, the concern Defendants raise regarding comparability of these settlement agreements and their relationship to the Patents-in-Suit may be argued to the jury and adequately addressed during vigorous cross-examination of Plaintiff's witnesses. Accordingly, it is hereby **ORDERED** that the exhibits are **PREADMITTED**.

Regarding Defendants' Exhibits DTX112-114, 136–137, 760–762, 777, 778–783, 787, 795, 803, and 806–810, for the reasons set forth in the Order (Dkt. No. 346) on Plaintiff's Motion to Strike and Exclude Expert Reports and Testimony of Stephen Gray (Dkt. No. 257), it is hereby **ORDERED** that these exhibits are **PREADMITTED**.

Regarding Defendants' Exhibit DTX96, DTX96 is hereby **PREADMITTED** for similar reasons as stated above regarding Plaintiff's Exhibits PX146–162.

Regarding Defendants' Exhibits DTX763–74, for the reasons set forth in the Order (Dkt. No. 346) on Plaintiff's Motion to Strike and Exclude Expert Reports and Testimony of Stephen Gray (Dkt. No. 257), it is hereby **ORDERED** that these exhibits are **PREADMITTED**.

Regarding Defendants' Exhibits PX64 and 259–61, for the reasons set forth in the Order (Dkt. No. 347) on Plaintiff's Motion to Strike and Exclude Expert Reports and Testimony of Ambreen Salters (Dkt. No. 273), it is hereby **ORDERED** that these exhibits are **PREADMITTED**.

Finally, Plaintiff's objections to Defendants' deposition designations of Alexander Bulkin at 167:21–169:12 are **SUSTAINED** under Rule 403.

The parties are hereby **ORDERED** to file a Final Joint Exhibit List and Deposition Designation List incorporating these rulings into the parties' latest versions of pre-admitted

- 3 -

exhibits and deposition designations no later than Sunday, January 11, 2015.

**SIGNED this 9th day of January, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE