# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **DROPLETS, INC.**<br><br>    Plaintiff,<br><br>v.<br><br>**OVERSTOCK.COM, INC.,<br>SEARS ROEBUCK & CO.,<br>SEARS BRANDS LLC,<br>SEARS HOLDINGS CORPORATION,**<br><br>    Defendants. | Civil Action No.  2:11-cv-00401-JRG-RSP<br><br><br>**JURY TRIAL** |

## JOINT PROPOSED PRELIMINARY INSTRUCTIONS

I now have some preliminary instructions that I want to give you this morning before we start with the opening statements from the lawyers and get on to the evidence.

You have now been sworn as the jurors in this case, and as the jury, you are the sole judges of the facts, and as such, you alone will decide and determine all the facts in this case.

As the Judge, I will give you instructions on the law, decide any questions of law that arise during the trial, handle matters of evidence and procedure, and I'm responsible to manage the flow of the trial and maintain the decorum of Court.

At the end of the evidence, I'll give you detailed instructions about the law to apply in deciding this case, and I'll give you a list of questions that you are then to answer.

This list of questions is called the verdict form.  Your answers to these questions will need to be unanimous, and your answers will constitute the verdict in this case.

I now want to briefly tell you about what this case is about.  This case involves a dispute regarding certain United States patents.

## A.  PATENTS AND HOW THEY ARE OBTAINED [1]

Now, I know that you saw the patent film, but I want to give you some instructions here on the record about a patent and how one is obtained.

Patents are granted or denied by the United States Patent and Trademark Office (sometimes called the "PTO.")

A valid United States patent gives the patent holder the right for up to 20 years from the date the patent application is filed to prevent others from making, using, offering to sell, or selling the patented invention within the United States or from importing it into the United States without the patent holder's permission.

A violation of the patent holder's rights is called infringement.  The patent holder may try to enforce a patent against persons it believes to be infringers by a lawsuit filed in federal court.  That kind of lawsuit is what we have before us in this case.

The process of obtaining a patent is called patent prosecution.  To obtain a patent, one must first file an application with the PTO.  The PTO is an agency of the federal government which employs trained Examiners who review patents—or review application for patents.

The application includes what is called a "specification."  The specification contains a written description of the claimed invention telling what the invention is, how it works, how to make it, and how to use it.

The specification concludes or ends with one or more numbered sentences.  These numbered sentences are the "patent claims."  When a patent is granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

---

[1] Modeled after *SSL Services, LLC v. Citrix Systems, Inc.*, Case No. 2:08-CV-158-JRG (E.D. Tex.) (Dkt. No. 264).

After the applicant files the application, an Examiner reviews the application to determine whether or not the claims are patentable, that is to say appropriate for patent protection, and whether or not the specification adequately describes the invention claimed.

In examining a patent application, the Examiner reviews certain information about the state of the art of the technology at the time the application was filed. The PTO searches for and reviews this type of information that is publicly available or submitted by the applicant. This type of information is called "prior art."

The Examiner reviews this prior art to determine whether or not the invention is truly an advance over the state of the art at the time. Prior art is defined by law, and I will give you at a later time specific instructions as to what constitutes prior art.

However, in general, prior art includes information that demonstrates the state of technology that existed before the claimed invention was made or before the application for the patent was filed.

A patent contains a list of certain prior art that the Examiner has considered. The items on this list are called the "cited references."

After the prior art search and examination of the application, the Examiner informs the applicant in writing of what the Examiner has found and whether the Examiner considers any claim to be patentable and, thus, would be "allowed." This writing from the Examiner is called an "Office Action."

If the Examiner rejects the claims, the applicant has an opportunity to respond to the Examiner to try to persuade the Examiner to allow the claims. The applicant also has the chance to change (or "amend") the claims or submit new claims.

This process may go back and forth between the applicant and the Examiner for some time until the Examiner is satisfied that the application meets the requirements for a patent, and in that case, the application issues as a patent, or in the alternative, if the Examiner's ultimate conclusion is that the application should be rejected, then no patent is issued.

Sometimes patents are issued after appeals within the PTO or to a court. The papers generated during these communications back and forth between the Examiner and the applicant are called the "prosecution history."

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves protection of a patent. While the issued patent is presumed valid under the law, a person accused of infringement has the right to argue here in federal court that a claimed invention in the patent is invalid. It is your job as the jury to consider the evidence presented by the parties and determine independently and for yourselves whether or not the Defendants have proven that the patent is invalid.

To help you follow the evidence, I will now give you a brief summary of the positions of the parties.

## B. CONTENTIONS OF THE PARTIES [2]

The parties in this case are the plaintiff, Droplets, Inc., and the defendants, Overstock.com, Inc., and Sears, Roebuck & Company, Sears Brands, LLC, and Sears Holdings Corporation (together, "Sears"). The parties and I will refer to Overstock and Sears together as "Defendants." This case involves United States Patent Nos. 6,687,745, 7,502,838, and 8,402,115. For convenience, the parties and I will often refer to a patent by its last three numbers, namely, as '745, '838, and '115, or altogether as the patents-in-suit.

---

[2] Modeled after *SSL Services, LLC v. Citrix Systems, Inc.*, Case No. 2:08-CV-158-JRG (E.D. Tex.) (Dkt. No. 264).

Droplets seeks money damages in the form of a royalty from Defendants for allegedly infringing certain claims of the patents-in-suit. Specifically, Droplets contends that Defendants have infringed the patents-in-suit by providing certain embedded interactive functionality through the following website features: search suggest, add to cart, edit/remove from cart, mouse hover over shopping cart, load more results, and store pickup locator.

Defendants deny that they have infringed the claims of the '745, '838, and '115 patents. Defendants also deny that they have induced others to infringe the claims of the '745, '838, and '115 patents. Defendants further deny that Droplets is entitled to any damages.

Defendants also argue that Droplets' asserted claims are invalid. I will instruct you later as to the ways in which a patent may be invalid. In general, however, a patent is invalid if it is not new or is obvious in view of the state of the art at the relevant time, or if the description in the patent does not meet certain requirements.

Your job will be to decide whether or not the asserted claims of the patents-in-suit have been infringed and whether or not those claims are invalid.

Invalidity is a defense to infringement. Therefore, even though the U.S. patent and Trademark Office or PTO has allowed the asserted claims, you, the jury, must decide whether those claims are invalid.

If you decide that any claim of the patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Droplets to compensate it for the infringement.

Defendants further contend that they have a license to practice the asserted claims.

### C.  PATENTS AT ISSUE

My job in this case is to tell you what the law is, handle the rulings on evidence and procedure, and to oversee the conduct of the trial as efficiently and effectively as possible.

5

In determining the law, it is specifically my job to determine the meaning of any claim language from within the asserted patents that needs interpretation.

I have already determined the meaning of the claims of the patents-in-suit. You must accept the meanings I give you and use those meanings when you decide whether any particular claim has or has not been infringed and whether or not any claim is invalid. You will be given a document in a moment that reflects those meanings. Claim language is the language in those numbered paragraphs at the end of the patent.

For any claim term for which I have not provided you with the definition, you should apply the plain and ordinary meaning.

If I have provided you with a definition, however, you are to apply my definition to those terms throughout the case.

However, my interpretation of the language of the claims should not be taken as an indication by you that I have a personal opinion or any opinion at all regarding issues such as infringement and invalidity. Those issues are yours alone to decide.

I will provide you with more detailed instructions on the meaning of the claims before you retire to deliberate and reach your verdict.

### D.  OVERVIEW OF APPLICABLE LAW [3]

In deciding the issues that are before you, you'll be asked to consider specific legal rules, and I'll give you an overview of those rules now and then later give you much more detailed instructions.

The first issue you will be asked to decide is whether a Defendant has infringed any of the asserted claims of the asserted patents.

---

[3] Modeled after *SSL Services, LLC v. Citrix Systems, Inc.*, Case No. 2:08-CV-158-JRG (E.D. Tex.) (Dkt. No. 264).

Infringement is assessed on a claim-by-claim basis, and Droplets must show by a preponderance of the evidence that a claim has been infringed. Therefore, there may be infringement as to one claim but no infringement as to another.

There also are a few different ways that a patent can be infringed. I will explain the requirements for each of these types of infringement to you in detail at the conclusion of the case.

In general, however, a Defendant may infringe the asserted patents by making, using, selling, or offering for sale in the United States or importing into the United States a product or practicing a method meeting all the requirements of a claim of the asserted patent. Defendants may also indirectly infringe the patents-in-suit by inducing another person or entity to infringe. I will provide you with more detailed instructions on the requirements for each of these types of infringement at the conclusion of the case.

Another issue that you will be asked to decide is whether the asserted patent is invalid. A patent may be found to be invalid for a number of reasons, including because it claims subject matter that is not new or it is obvious.

For a claim to be invalid because it is not new, a Defendant must show by clear and convincing evidence that all of the elements of a claim are present in a single previous publicly known or used device or method or sufficiently described in a single previous printed publication or patent. We call these items "prior art."

If a claim is not new, it is said to be "anticipated."

Another way that a claim can be found to be invalid is that it may have been obvious. Even though a claim is not anticipated because every element of a claim is not shown or sufficiently described in a single piece of "prior art," the claim may still be invalid if it would

7

have been obvious to a person of ordinary skill in the field of technology of the patent at the relevant time.

You will need to consider a number of questions in deciding whether the inventions claimed in the asserted patents are obvious. I will provide you with detailed instructions on these questions at the conclusion of the trial.

[Defendants propose: The disclosure of a patent must also meet the "enablement" requirement. To meet this requirement, the description in the patent has to be sufficiently full and clear to have allowed persons of ordinary skill in the field of technology of the patent to make and use the invention without undue experimentation, at the time the patent application was originally filed.] [4] [5]

If you decide that any claim of the asserted patents has been infringed and is not invalid, that is, its presumption of validity has survived, then you will need to decide what amount of money damages are to be awarded to Droplets to compensate it for the infringement.

A damage award must be adequate to compensate the patent holder for the infringement, but in no event may the damage award be less than what the patent holder would have received had it been paid a reasonable royalty for the use of its patent.

I will instruct you later on the meaning of a reasonable royalty. The damages you award are meant to compensate the patent holder and not to punish a defendant. You may not include

---

[4] Droplets asserts that this instruction is unnecessary, as underscored by its absence from the preliminary instructions given by this Court in *SSL Services*. *See SSL Services, LLC v. Citrix Systems, Inc.*, Case No. 2:08-CV-158-JRG (E.D. Tex.) (Dkt. No. 264). Droplets further notes that, during meet and confers, Defendants were unable to point to any instance in which this Court has included such language in preliminary instructions.

[5] Defendants respond that this instruction is included in the Federal Circuit Bar Association Model Patent Jury Instructions, upon which the Court's instruction in *SSL Services* wa*s* based. *See* Fed. Cir. Bar Ass'n Model at A.3 (2014). This instruction is the correct statement of the law and is relevant to the facts of this case. Furthermore, Droplets offers no substantive objection to the inclusion of this instruction.

in your award any additional amount as a fine or penalty above what is necessary to fully compensate the patent holder for the infringement.

I will give you more detailed instructions on the calculation of damages at the conclusion of the trial.

### E. EVIDENCE AT TRIAL

You are going to be hearing a number of witnesses in this case, and I want you to keep an open mind while you're listening to the evidence and not decide any facts until you've heard all of the evidence. While the witnesses are testifying, remember that you will be the ones who have to decide the degree of credibility and believability to allocate to each of the witnesses.

So while they are testifying, you should be asking yourself:

- Does this witness impress you as truthful?

- Does he or she have a reason not to tell the truth?

- Does he or she have any personal interest in the outcome of the case?

- Does the witness seem to have a good memory?

- Did he or she have the opportunity to observe accurately the things they testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- And, of course, does the witness's testimony differ from the testimony of other witnesses, and if it does, how does it differ?

These are the kinds of things you should be thinking about while you're listening to each witness.

9

I want to talk to you briefly about expert witnesses. When knowledge of a technical subject may be helpful to you as the jury, a person who has special training and experience in that particular field (referred to as an "expert witness") is permitted to testify to you about his or her opinions on technical matters.

However, you are not required to accept those opinions at all. It is up to you to decide whether you believe that an expert witness or any witness for that matter is correct or incorrect or whether or not you want to believe what they say.

I anticipate that there will be expert witnesses testifying in support of each side in this case, but it will be up to you to listen to their qualifications, and when they give an opinion and explain a basis for it, you will have to evaluate what they say and whether you believe it and to what degree you want to give it any weight.

During the trial, I also anticipate that there will be testimony of a witness that's going to be presented by what we call depositions. In trials, it is tough to get every witness here at the same time. So the lawyers from each side, prior to trial, may take the deposition of a witness.

In a deposition, they have a court reporter present, the witness is under oath, just as if he or she were personally in court, and the parties ask them questions, and it is recorded.

Portions of those video recordings of the questions and answers may be played to you as a part of the trial so that you can see the witness and hear their testimony.

That deposition testimony is entitled to the same consideration, insofar as possible, and is to be judged as to the credibility, weight and otherwise considered by the jury in the same way as if the witness had been present and had given the testimony from the witness stand in open court.

During the trial of the case, it is possible that the lawyers will make certain objections, and I'll make rulings on those objections. It is the duty of an attorney on each side of a case to

object when the other side offers testimony or other evidence which the attorney believes is not proper under certain orders of the Court or the Rules of Evidence.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate an opinion as to the weight or effect of such evidence.

As stated before, you, the jury, are the sole judges of the credibility of all the witnesses and the weight and effect of all the evidence.

I want to compliment the parties in this case, because up until today, they have worked very hard, and there may be a lot of exhibits shown to you during the trial.

Through pretrial procedures, all the rulings have already been made by the Court about the admissibility of all the exhibits.  We may have a few more as we go along, but a lot of time has already been saved for you because the parties have worked hard in advance of trial to resolve the majority of these objections.

So if the parties show an exhibit, it means that I have already ruled on the admissibility of that exhibit.  Then they will ask such questions as they wish to put it in context.

But I just want to let all of you know that both sides have worked very hard to streamline the issues so we all do not have to sit here today during the trial and through the next week and listen to questions about exhibits, such as when was it made; who made it; was it made in the regular course of business.

However, it is still possible that objections may arise during the trial.

If I sustain an objection to a question addressed to a witness, then you must disregard the question entirely and may draw no inference from the wording of it or speculate what the witness

would have said if I had permitted the witness to answer the question. If I overrule the objection, then you should consider the question and the answer as if no objection had been made.

By the way, the law of the United States permits a judge to comment to the jury the evidence in a case, but such comments from the judge on the evidence are only an expression of the judge's opinion as to the evidence, and the jury may disregard such comments in their entirety, because I remind you once again, you, the jury, are the sole judges of the facts, the credibility of the witnesses, and how much weight you want to give to their testimony.

That is not my job; that is your job.

As I indicated to you earlier, I intend to try very hard not to comment on any of the evidence or the witnesses throughout the trial.

The court reporter in front of me is here taking down everything that is said, but that transcript will not be ready in time for your deliberations. The transcript is prepared in the event that there is an appeal to an appellate court to review this. So you will each have to rely on your memories.

In a moment, you will each be given a juror notebook. One of the things in the back of that notebook are blank pages that you can use to take notes. It is up to each of you to decide whether or not you want to take notes and how detailed you want those notes to be.

But, remember, those notes are for your own personal use. You have to rely on your memory of the evidence, which is why you should pay close attention to the testimony of each witness.

You should not abandon your own recollection because somebody else's notes indicate something different. Your notes are to refresh your recollection, and that's the only reason for which you should be keeping them.

I'm now going to ask our court security officer to hand out these juror notebooks to each of you at this time.

(Notebooks passed to jurors.)

THE COURT:  In these notebooks, Ladies and Gentlemen, you will see that you each have a copy of the asserted patents that we have talked about.

Also in your notebook, you will see some pages listing the claim terms.  Those are the words that are found in those numbered claims I have told you about before.

And then over under construction, in that column are the definitions that the Court has given you to work with regard to those terms.

Whenever you leave each day, be sure you leave your notebooks in the jury room.  They should either be with you in Court or in the jury room at all times and nowhere else.

And you can keep your notes on the legal pad that is in the back of the notebooks, if you want to, and you will have everything together there in your notebooks.

## F.  OUTLINE OF TRIAL[6]

We're going to have opening statements in just a few minutes. I want to give you a brief roadmap of how the trial is going to go structured before we have those opening statements.

After the opening statements, Droplets will present its evidence in support of its contentions that some of the claims of its patents-in-suit have been and continue to be infringed by the Defendants.

To prove infringement of any claim, Droplets must persuade you that it is more likely true than not true that the Defendants have infringed that claim by a preponderance of the evidence.

---

[6] Modeled after *SSL Services, LLC v. Citrix Systems, Inc.*, Case No. 2:08-CV-158-JRG (E.D. Tex.) (Dkt. No. 264).

After Droplets rests, the Defendants will present their evidence that the asserted claims of the patents-in-suit are invalid.

To prove invalidity of any claim, Defendants must persuade you by clear and convincing evidence that the claim is invalid.

In addition to presenting its evidence of invalidity, Defendants will put on evidence responding to Droplets' proof of infringement and damages.

Droplets may then put on additional evidence responding to Defendants' evidence that the claims of the asserted patents are invalid and/or unenforceable, and to offer any rebuttal evidence of infringement and damages.

This is referred to as "rebuttal evidence."  Rebuttal evidence may respond to any evidence offered by the Defendants.

Finally, Defendants may have the option to put on "rebuttal" evidence to support their contentions as to the validity and/or enforceability of the asserted claims of the patents-in-suit by responding to any evidence offered by Droplets on that issue.

After all of the evidence has been presented, I will give you final instructions on the law that applies to the case.  Those final instructions are called the "Court's charge to the jury."

The lawyers will then present their closing arguments.  After that, you will retire to deliberate and reach your verdict.

Also, I repeat my early instruction to you, you are not to discuss the case at all among yourselves during the trial.  Only when you retire to deliberate and return a verdict, after all the evidence is in, may you discuss the case between yourselves.

I also want to remind you that the attorneys and the witnesses here today have been instructed by the Court not to talk to you.  So as we take breaks and you see them in the hallway

in the courthouse, please don't perceive any of their actions as unfriendly or hold it against them if they do not interact with you.  That is part of what I require of them.

With those instructions, we are now going to hear Droplets' opening statement followed by the Defendants' opening statement.