# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **DROPLETS, INC.** | |
|        **Plaintiff,** | **Civil Action No.  2:11-cv-00401-JRG-RSP** |
|    **v.** | |
| **OVERSTOCK.COM, INC.,**<br>**SEARS ROEBUCK & CO.,**<br>**SEARS BRANDS LLC,**<br>**SEARS HOLDINGS CORPORATION,** | **JURY TRIAL** |
|       **Defendants.** | |

## JOINT PROPOSED VERDICT FORM[1] [2]

In answering these questions, you are to follow all of the instructions I have given you in the Court's charge.  As used herein, "Droplets" means Droplets Inc., "Overstock" means Overstock.com, Inc., and "Sears" refers to any of Sears Roebuck & Co., Sears Brands LLC, and Sears Holdings Corporation. As used herein, "Defendants" means Sears and Overstock collectively.

---

[1] **The Parties reserve the right to amend, supplement, or modify this proposed Verdict Form as the case proceeds.  Additionally, the parties do not waive any objection to questions on issues that are currently the subject of pending or resolved motions.  Such objections are hereby restated.  Further, by submitting this proposed Verdict Form, the Parties do not waive their rights to object to the submission or form of any questions submitted to the jury.**

[2] **In addition, Defendants reserve the right to try and submit equitable defenses to the Court following the jury portion of this trial, pursuant to agreement between the parties on this approach.  This Joint Proposed Final Verdict Form therefore does not contain proposed instructions on Defendants' equitable defenses.  Nothing in this proposed verdict form should be construed as waiving those defenses.**

[Droplets proposes: **Question No. 1:**

Did Droplets prove by a preponderance of the evidence that Overstock directly infringed the following asserted claims of the '745, '838, and '115 patents?

**Answer YES or NO:**

**'745 Patent Claims**

Claim 1   _____

**'838 Patent Claims**

Claim 1   _____

Claim 2   _____

**'115 Patent Claims**

Claim 2   _____

Claim 24 _____

Claim 25 _____ [3]

---

[3]

Defendants object to the form of this question because (1) it wrongly commingles together multiple, independent theories of liability into one answer blank, and (2) it erroneously commingles together, into one answer blank, all allegedly infringing features and thus fails to ask the jury which feature is infringing.

*First*, this question would allow the jury to answer "yes" for each claim if it found direct literal infringement or direct infringement under the doctrine of equivalents—without requiring the jury to specify which one (or both) of the theories it found was proven on these facts.  That would severely prejudice Defendants' ability to prosecute an appeal and would unnecessarily complicate an appeal by requiring Defendants to challenge both legal theories for each claim that the jury were to answer "yes," even though the jury may not have found that both theories were proven.  At the same time, if the jury were to answer "yes" for a claim and if Defendants were to show (post-judgment or on appeal) that any one of the infringement theories was legally or factually unsupported, then an entirely new trial would be required—regardless of whether the other theory could be supported—because neither this Court nor the Federal Circuit could determine which theory (or theories) the jury found was proven.  Settled law requires breaking out the independent theories of liability to obtain separate findings, such that there can be a meaningful appeal of any finding by the jury and to avoid the need for a new trial if only certain theories were found to be supported by the evidence and the jury's findings.  *See, e.g.*, *Sunkist Growers, Inc. v. Winckler & Smith Citrus Products Co.*, 370 U.S. 19, 25-30 (U.S. 1962); *Maryland v. Baldwin*, 112 U.S. 490, 493 (1884); *see also Mitsubishi Elec. Corp. v. Ampex Corp.*,

190 F.3d 1300, 1303-04 (Fed. Cir. 1999); *Reeves v. AcroMed Corp.*, 44 F.3d 300, 302-03, 307 (5th Cir. 1995).

 *Second*, and similarly, Droplets' question fails to ask the jury which Overstock features that it accused of infringement are actually infringing which claims.  Asking globally if any of Overstock's features infringes each claim would present the same charge error just identified:  if the jury were to answer "yes" for a claim, it would severely prejudice Defendants' ability to appeal and unnecessarily complicate the appeal by requiring Defendants to challenge the finding as if the jury found that *every* feature alleged to have infringed that claim actually did infringe that claim, even if the jury may not have found all of those features to be actually infringing. And it would mean that if the jury were to answer "yes" for a claim, an entirely new trial would be required if Defendants show this Court or the Federal Circuit that the law or evidence does not support a finding of infringement of that claim as to just one feature—regardless of the law or evidence concerning infringement of that claim by other features—because neither this Court nor the Federal Circuit could determine if the jury answered "yes" based on that feature or based on another feature.  Settled law requires breaking out the independent theories of liability to obtain separate findings, such that there can be a meaningful appeal of any finding by the jury and to avoid the need for a new trial if only certain theories were found to be supported by the evidence and the jury's findings.  *See, e.g.*, *Sunkist Growers, Inc.*, 370 U.S. at 25-30; *Maryland v. Baldwin*, 112 U.S. at 493; *Mitsubishi Elec. Corp.*, 190 F.3d at 1303-04; *Reeves*, 44 F.3d at 302-03, 307; *see also Ratner v. Sioux Natural Gas Corp.*, 770 F.2d 512, 514-19 (5th Cir. 1985) (law requires breaking out separate factual bases for liability theory).

 Droplets argues that its proposed form follows this Court's prior verdict form from *DDR Holdings*, but that is not true because this Court's verdict form in that case properly broke out separate questions for each theory of infringement (direct and inducement) and invalidity (anticipation and obviousness), providing for separate answer blanks for the jury as to each theory.  *DDR Holdings, LLC v. Digital River, Inc.,* Case No. 2:06-CV-42-JRG (E.D. Tex.), (Dkt. No. 521) (Gilstrap, J.).

 Each of these errors in Droplets' form of question is significant because Defendants object that there is insufficient evidence of any kind of infringement by any of their features. Defendants' proposed form of question remedies these problems by having separate questions for each infringement theory, and within each question, asking the jury which claims are infringed by each of the accused features.  Defendants' proposed form is straightforward and it is not confusing or difficult to understand or complete, and contrary to Droplets' objection, it is necessary to avoid the legal errors identified above.

**Question No. 2:**

Did Droplets prove by a preponderance of the evidence that Sears directly infringed the following asserted claims of the '745, '838, and '115 patents?

**Answer YES or NO:**

**'745 Patent Claims**                          **'838 Patent Claims**

Claim 1  _____                            Claim 1  _____

                                                Claim 2  _____

**'115 Patent Claims**

Claim 2  _____

Claim 24 _____

Claim 25 _____  [4]

---

[4]

    Defendants object to the form of this question because (1) it wrongly commingles together multiple, independent theories of liability into one answer blank, and (2) it erroneously commingles together, into one answer blank, all allegedly infringing features and thus fails to ask the jury which feature is infringing.

    *First*, this question would allow the jury to answer "yes" for each claim if it found direct literal infringement or direct infringement under the doctrine of equivalents—without requiring the jury to specify which one (or both) of the theories it found was proven on these facts. That would severely prejudice Defendants' ability to prosecute an appeal and would unnecessarily complicate an appeal by requiring Defendants to challenge both legal theories for each claim that the jury were to answer "yes," even though the jury may not have found that both theories were proven. At the same time, if the jury were to answer "yes" for a claim and if Defendants were to show (post-judgment or on appeal) that any one of the infringement theories was legally or factually unsupported, then an entirely new trial would be required—regardless of whether the other theory could be supported—because neither this Court nor the Federal Circuit could determine which theory (or theories) the jury found was proven. Settled law requires breaking out the independent theories of liability to obtain separate findings, such that there can be a meaningful appeal of any finding by the jury and to avoid the need for a new trial if only certain theories were found to be supported by the evidence and the jury's findings. *See, e.g.*, *Sunkist Growers, Inc.*, 370 U.S. at 25-30; *Maryland v. Baldwin*, 112 U.S. at 493; *see also Mitsubishi Elec. Corp.*, 190 F.3d at 1303-04; *Reeves*, 44 F.3d at 302-03, 307.

*Second*, and similarly, Droplets' question fails to ask the jury which Sears features that it accused of infringement are actually infringing which claims.  Asking globally if any of Sears' features infringes each claim would present the same charge error just identified:  if the jury were to answer "yes" for a claim, it would severely prejudice Defendants' ability to appeal and unnecessarily complicate the appeal by requiring Defendants to challenge the finding as if the jury found that *every* feature alleged to have infringed that claim actually did infringe that claim, even if the jury may not have found all of those features to be actually infringing.  And it would mean that if the jury were to answer "yes" for a claim, an entirely new trial would be required if Defendants show this Court or the Federal Circuit that the law or evidence does not support a finding of infringement of that claim as to just one feature—regardless of the law or evidence concerning infringement of that claim by other features—because neither this Court nor the Federal Circuit could determine if the jury answered "yes" based on that feature or based on another feature.  *See, e.g.*, *Sunkist Growers, Inc.*, 370 U.S. at 25-30; *Maryland v. Baldwin*, 112 U.S. at 493; *Mitsubishi Elec. Corp.*, 190 F.3d at 1303-04; *Reeves*, 44 F.3d at 302-03, 307; *see also Ratner*, 770 F.2d at 514-19 (law requires breaking out separate factual bases for theory).

Droplets argues that its proposed form follows this Court's prior verdict form from *DDR Holdings*, but that is not true because this Court's verdict form in that case properly broke out separate questions for each theory of infringement (direct and inducement) and invalidity (anticipation and obviousness), providing for separate answer blanks for the jury as to each theory.  *DDR Holdings, LLC v. Digital River, Inc.,* Case No. 2:06-CV-42-JRG (E.D. Tex.), (Dkt. No. 521) (Gilstrap, J.).

Each of these errors in Droplets' form of question is significant because Defendants object that there is insufficient evidence of any kind of infringement by any of their features.  Defendants' proposed form of question remedies these problems by having separate questions for each infringement theory, and within each question, asking the jury which claims are infringed by each of the accused features.  Defendants' proposed form is straightforward and it is not confusing or difficult to understand or complete, and contrary to Droplets' objection, it is necessary to avoid the legal errors identified above.

## Question No. 3:

Did Droplets prove by a preponderance of the evidence that Overstock indirectly infringed the following asserted claims of the '745, '838, and '115 patents?

**Answer YES or NO:**

**'745 Patent Claims**                                **'838 Patent Claims**

Claim 1  _____                                  Claim 1  _____

                                                      Claim 2  _____

**'115 Patent Claims**

Claim 2  _____

Claim 24 _____

Claim 25 _____  5

---

5

    Defendants object to the form of this question because (1) it does not make clear to the jury that it refers to infringement by inducement, and (2) it erroneously commingles together, into one answer blank, all allegedly infringing features and thus fails to ask the jury which feature is infringing.

    *First*, this question would confuse the jury because it does not make clear to the jury that it refers to infringement by inducement.

    *Second*, Droplets' question fails to ask the jury which Overstock features that it accused of infringement are actually infringing which claims.  Asking globally if any of Overstock's features infringes each claim would present the same charge error just identified:  if the jury were to answer "yes" for a claim, it would severely prejudice Defendants' ability to appeal and unnecessarily complicate the appeal by requiring Defendants to challenge the finding as if the jury found that *every* feature alleged to have infringed that claim actually did infringe that claim, even if the jury may not have found all of those features to be actually infringing.  And it would mean that if the jury were to answer "yes" for a claim, an entirely new trial would be required if Defendants show this Court or the Federal Circuit that the law or evidence does not support a finding of infringement of that claim as to just one feature—regardless of the law or evidence concerning infringement of that claim by other features—because neither this Court nor the Federal Circuit could determine if the jury answered "yes" based on that feature or based on another feature.  Settled law requires breaking out the independent theories of liability to obtain separate findings, such that there can be a meaningful appeal of any finding by the jury and to

avoid the need for a new trial if only certain theories were found to be supported by the evidence and the jury's findings. *See, e.g.*, *Sunkist Growers, Inc.*, 370 U.S. at 25-30; *Maryland v. Baldwin*, 112 U.S. at 493; *Mitsubishi Elec. Corp.*, 190 F.3d at 1303-04; *Reeves*, 44 F.3d at 302-03, 307; *see also Ratner v. Sioux Natural Gas Corp.*, 770 F.2d 512, 514-19 (5th Cir. 1985) (law requires breaking out separate factual bases for liability theory).

       These errors in Droplets' form of question are significant because Defendants object that there is insufficient evidence of any kind of infringement by any of their features.  Defendants' proposed form of question remedies these problems by having separate questions for each infringement theory, and within each question, asking the jury which claims are infringed by each of the accused features.  Defendants' proposed form is straightforward and it is not confusing or difficult to understand or complete, and contrary to Droplets' objection, it is necessary to avoid the legal errors identified above.

**Question No. 4:**

Did Droplets prove by a preponderance of the evidence that Sears indirectly infringed the following asserted claims of the '745, '838, and '115 patents?

**Answer YES or NO:**

**'745 Patent Claims**

Claim 1   _____

**'838 Patent Claims**

Claim 1   _____

Claim 2   _____

**'115 Patent Claims**

Claim 2   _____

Claim 24 _____

Claim 25 _____

---

6

 Defendants object to the form of this question because (1) it does not make clear to the jury that it refers to infringement by inducement, and (2) it erroneously commingles together, into one answer blank, all allegedly infringing features and thus fails to ask the jury which feature is infringing.

 *First*, this question would confuse the jury because it does not make clear to the jury that it refers to infringement by inducement.

 *Second*, Droplets' question fails to ask the jury which Sears features that it accused of infringement are actually infringing which claims.  Asking globally if any of Sears' features infringes each claim would present the same charge error just identified:  if the jury were to answer "yes" for a claim, it would severely prejudice Defendants' ability to appeal and unnecessarily complicate the appeal by requiring Defendants to challenge the finding as if the jury found that *every* feature alleged to have infringed that claim actually did infringe that claim, even if the jury may not have found all of those features to be actually infringing.  And it would mean that if the jury were to answer "yes" for a claim, an entirely new trial would be required if Defendants show this Court or the Federal Circuit that the law or evidence does not support a finding of infringement of that claim as to just one feature—regardless of the law or evidence concerning infringement of that claim by other features—because neither this Court nor the Federal Circuit could determine if the jury answered "yes" based on that feature or based on another feature.  Settled law requires breaking out the independent theories of liability to obtain separate findings, such that there can be a meaningful appeal of any finding by the jury and to avoid the need for a new trial if only certain theories were found to be supported by the evidence

and the jury's findings.  *See, e.g.*, *Sunkist Growers, Inc.*, 370 U.S. at 25-30; *Maryland v. Baldwin*, 112 U.S. at 493; *Mitsubishi Elec. Corp.*, 190 F.3d at 1303-04; *Reeves*, 44 F.3d at 302-03, 307; *see also Ratner v. Sioux Natural Gas Corp.*, 770 F.2d 512, 514-19 (5th Cir. 1985) (law requires breaking out separate factual bases for liability theory).

 These errors in Droplets' form of question are significant because Defendants object that there is insufficient evidence of any kind of infringement by any of their features.  Defendants' proposed form of question remedies these problems by having separate questions for each infringement theory, and within each question, asking the jury which claims are infringed by each of the accused features.  Defendants' proposed form is straightforward and it is not confusing or difficult to understand or complete, and contrary to Droplets' objection, it is necessary to avoid the legal errors identified above.

**Question No. 5:**

Do you find that Defendants have proven by clear and convincing evidence that any of the following claims are invalid because they are not enabled?

**Answer YES or NO:**

**'745 Patent Claims**                          **'838 Patent Claims**

Claim 1  _____                            Claim 1  _____

                                                Claim 2  _____

**'115 Patent Claims**

Claim 2  _____

Claim 24 _____

Claim 25 _____

**Question No. 6:**

Do you find that Defendants have proven by clear and convincing evidence that any of the following claims are invalid because they are not nonobvious?[7]

**Answer YES or NO:**

**'745 Patent Claims**                                    **'838 Patent Claims**

Claim 1   _____                                     Claim 1   _____

                                                          Claim 2   _____

        **'115 Patent Claims**

Claim 2   _____

Claim 24   _____

Claim                                    25                                    _____

---

[7] **Defendants object to this question as it is confusing to the jury.  It asks the question in a double-negative.  It would be helpful to the jury, and a more accurate statement of the law, to phrase the question in the positive: "…because they are obvious?"**

11

**Question No. 7:**

Do you find that Defendants have proven by clear and convincing evidence that any of the following claims are invalid because they are anticipated?

**Answer YES or NO:**

**'745 Patent Claims**

Claim 1   _____

**'838 Patent Claims**

Claim 1   _____

Claim 2   _____

**'115 Patent Claims**

Claim 2   _____

Claim 24 _____

Claim 25 _____ [8]

---

[8] **Defendants object to this verdict form's omission of its license defense.**

**Question No. 8:**

ANSWER QUESTION NO. 8 IF YOU HAVE FOUND AT LEAST ONE CLAIM LISTED IN QUESTIONS NO. 1 OR 3 INFRINGED AND NOT INVALID; OTHERWISE, DO NOT ANSWER QUESTION NO. 6.

What sum of money if paid now in cash do you find from a preponderance of the evidence would fairly and reasonably compensate Droplets for Overstock's infringement up to the time of trial?

Direct Infringement: $ _____

Indirect Infringement: $ _____

What sum of money if paid now in cash do you find from a preponderance of the evidence would fairly and reasonably compensate Droplets for Overstock's infringement from trial through the life of the patent?

Direct Infringement: $ _____

Indirect Infringement: $ _____[9]

---

[9] Defendants object to the form of this question because it wrongly commingles together into one damages finding all allegedly infringing features and thus fails to ask the jury to apportion the amount of damages owing to each feature that it found is infringing.  Just as the jury is required to answer which of Defendants' features is actually infringing Droplets' patent claims, the jury is required to find what a reasonable royalty would be as to each feature because that is how a hypothetical negotiation between the parties would be conducted.  Furthermore, asking globally what a reasonable royalty would be—undifferentiated as to features—would present the charge errors identified above:  if the jury were to answer this global question, then a new trial would be required if Defendants were to prove to this Court or on appeal that there was no infringement as to certain features (or that certain claims are invalid), because neither this Court nor the Federal Circuit could determine what the reasonable royalty would have been had the jury considered only those features that are infringing.  Moreover, it would unnecessarily complicate the appeal and prejudice Defendants' ability to appeal if the jury is only asked to make a global finding of a reasonable royalty as to all features, making it impossible for this Court or the appellate court to know what the jury awarded on each element of damages.  *See, e.g.*, *In re Air Crash Disaster*, 795 F.2d 1230, 1235-37 (5th Cir. 1986) (addressing damages issues); *see also, e.g.*, *Sunkist Growers, Inc.*, 370 U.S. at 25-30; *Maryland v. Baldwin*, 112 U.S. at 493; *see also Mitsubishi Elec. Corp.*, 190 F.3d at 1303-04; *Reeves*, 44 F.3d at 302-03, 307.

Defendants' proposed form of question remedies this problem by having separate answer blanks for each feature.  Defendants' proposed form is straightforward and it is not confusing or

difficult to understand or complete, and contrary to Droplets' objection, it is necessary to avoid the legal error identified above.

     Furthermore, Defendants object to the submission of damages in this manner.  Droplets' damages expert, Mr. Mills, only opined as to a lump sum figure "through the time of trial."  See Mills' Original Overstock Report at 79, 82; Mills' Original Sears Report at 77, 81; Mills' First Supp'l Overstock Report at 9; Mills' First Supp'l Sears Report at 12-13; Mills' Second Supp'l Overstock Report at 11; Mills' Second Supp'l Sears Report at 11-12.  Droplets has disclosed no expert opinions for any other damage theory, including a lump sum "through the life of the patent."  See Dkt. 299 (Defs' Mtsn. In Limine) at 11-12.  Accordingly, Droplets has waived any damage theory beyond that properly disclosed—a lump sum royalty through the time of trial. See Muldrow v. Re-Direct, Inc., 493 F.3d 160, 167 (D.C. Cir. 2007).  Further, the Court "cautioned that experts will be held to the scope of their reports."  Dkt. 321 (Order re: Mtns. In Limine) at 8.  Thus, Droplets can present no evidence of damages supporting a lump sum "through the life of the patent," and any jury question to that effect would be wholly improper.

**Question No. 7:**

ANSWER QUESTION NO. 7 IF YOU HAVE FOUND AT LEAST ONE CLAIM LISTED IN QUESTION NOS. 2 and 4 INFRINGED AND NOT INVALID; OTHERWISE, DO NOT ANSWER QUESTION NO. 7.

What sum of money if paid now in cash do you find from a preponderance of the evidence would fairly and reasonably compensate Droplets for Sears's infringement up to the time of trial?

Direct Infringement: $ _____

Indirect Infringement: $ _____

What sum of money if paid now in cash do you find from a preponderance of the evidence would fairly and reasonably compensate Droplets for Sears's infringement from trial through the life of the patent?

Direct Infringement: $ _____

Indirect Infringement: $ _____[10][11]

---

[10] Modeled after *DDR Holdings, LLC v. Digital River, Inc.,* Case No. 2:06-CV-42-JRG (E.D. Tex.), (Dkt. No. 521) (Gilstrap, J.).

[11] Defendants object to the form of this question because it wrongly commingles together into one damages finding all allegedly infringing features and thus fails to ask the jury to apportion the amount of damages owing to each feature that it found is infringing.  Just as the jury is required to answer which of Defendants' features is actually infringing Droplets' patent claims, the jury is required to find what a reasonable royalty would be as to each feature because that is how a hypothetical negotiation between the parties would be conducted.  Furthermore, asking globally what a reasonable royalty would be—undifferentiated as to features—would present the charge errors identified above:  if the jury were to answer this global question, then a new trial would be required if Defendants were to prove to this Court or on appeal that there was no infringement as to certain features (or that certain claims are invalid), because neither this Court nor the Federal Circuit could determine what the reasonable royalty would have been had the jury considered only those features that are infringing.  Moreover, it would unnecessarily complicate the appeal and prejudice Defendants' ability to appeal if the jury is only asked to make a global finding of a reasonable royalty as to all features, making it impossible for this Court or the appellate court to know what the jury awarded on each element of damages.  *See, e.g.*, *In re Air Crash Disaster*, 795 F.2d at 1235-37 (addressing damages issues); *see also, e.g.*,

_Sunkist Growers, Inc._, 370 U.S. at 25-30; _Maryland v. Baldwin_, 112 U.S. at 493; _see also Mitsubishi Elec. Corp._, 190 F.3d at 1303-04; _Reeves_, 44 F.3d at 302-03, 307.

Defendants' proposed form of question remedies this problem by having separate answer blanks for each feature.  Defendants' proposed form is straightforward and it is not confusing or difficult to understand or complete, and contrary to Droplets' objection, it is necessary to avoid the legal error identified above.

Furthermore, Defendants object to the submission of damages in this manner.  Droplets' damages expert, Mr. Mills, only opined as to a lump sum figure "through the time of trial."  See Mills' Original Overstock Report at 79, 82; Mills' Original Sears Report at 77, 81; Mills' First Supp'l Overstock Report at 9; Mills' First Supp'l Sears Report at 12-13; Mills' Second Supp'l Overstock Report at 11; Mills' Second Supp'l Sears Report at 11-12.  Droplets has disclosed no expert opinions for any other damage theory, including a lump sum "through the life of the patent."  See Dkt. 299 (Defs' Mtsn. In Limine) at 11-12.  Accordingly, Droplets has waived any damage theory beyond that properly disclosed—a lump sum royalty through the time of trial.  See Muldrow v. Re-Direct, Inc., 493 F.3d 160, 167 (D.C. Cir. 2007).  Further, the Court "cautioned that experts will be held to the scope of their reports."  Dkt. 321 (Order re: Mtns. In Limine) at 8.  Thus, Droplets can present no evidence of damages supporting a lump sum "through the life of the patent," and any jury question to that effect would be wholly improper.

[Defendants propose: **Question No. 1:**[12]

Did Droplets prove by a preponderance of the evidence that any of the following Overstock features literally infringed any of the following asserted claims of the '745, '838, and '115 patents?

**As to each feature listed, answer YES or NO for each listed claim:**

**A. Overstock "Search Suggest"**

| **'745 Patent Claims** | **'838 Patent Claims** | **'115 Patent Claims** |
|---|---|---|
| Claim 1 _____ | Claim 1 _____ | Claim 2 _____ |
| | Claim 2 _____ | Claim 24 _____ |
| | | Claim 25 _____ |

**B. Overstock "Mousehover"**

---

[12] **Defendants note that the following jury verdict form tracks the manner in which experts for both side presented their opinions in their reports, feature by feature.  Additionally, this format tracks *DDR Holdings* in that it asks the jury infringement, invalidity, and damages questions based on the manner in which the evidence was presented and based on the patent-holder's infringement theory—by accused website feature here and by accused website in *DDR Holdings*.**

17

| **'745 Patent Claims** | **'838 Patent Claims** | **'115 Patent Claims** |
|---|---|---|
| Claim 1 _____ | Claim 1 _____ | Claim 24 _____ |
| | Claim 2 _____ | Claim 25 _____ |

**Question No. 2:**

Did Droplets prove by a preponderance of the evidence that the Overstock "Search Suggest" feature infringed any of the following asserted claims of the '745 and '838 patents under the doctrine of equivalents?

**Answer YES or NO for each listed claim:** [13]

**'745 Patent Claims**                **'838 Patent Claims**

Claim 1 _____                    Claim 1 _____

---

[13] Defendants' position is that Droplets has neither pleaded, nor raised through its experts, the doctrine of equivalents for claim 2 of the '838 patent or claims 2 or 24 of the '115 patent.  If the Court were to disagree that Droplets waived a doctrine-of-equivalents theory as to any of these claims, it could modify this proposed form of question to include the additional claims.

**Question No. 3:**

Did Droplets prove by a preponderance of the evidence that Overstock indirectly infringed, by inducing a customer to infringe, any of the following features of the asserted claims of the '745, '838, and '115 patents?

**As to each feature listed, answer YES or NO for each listed claim:**


**A. Overstock "Search Suggest"**

| **'745 Patent Claims** | **'838 Patent Claims** | **'115 Patent Claims** |
|---|---|---|
| Claim 1 _____ | Claim 1 _____ | Claim 2 _____ |
| | Claim 2 _____ | Claim 24 _____ |
| | | Claim 25 _____ |


**B. Overstock "Mousehover"**

| **'745 Patent Claims** | **'838 Patent Claims** | **'115 Patent Claims** |
|---|---|---|
| Claim 1 _____ | Claim 1 _____ | Claim 24 _____ |
| | Claim 2 _____ | Claim 25 _____ |

20

**Question No. 4:**

Did Droplets prove by a preponderance of the evidence that any of the following Sears features literally infringed any of the following asserted claims of the '745, '838, and '115 patents?

**As to each feature listed, answer YES or NO for each listed claim:**

**A. Kmart "Add to Cart"**

| **'745 Patent Claims** | **'838 Patent Claims** | **'115 Patent Claims** |
|---|---|---|
| Claim 1 _____ | Claim 1 _____ | Claim 24 _____ |
|  | Claim 2 _____ | Claim 25 _____ |

**B. Kmart "Search Suggest"**

| **'745 Patent Claims** | **'838 Patent Claims** | **'115 Patent Claims** |
|---|---|---|
| Claim 1 _____ | Claim 1 _____ | Claim 2 _____ |
|  | Claim 2 _____ | Claim 24 _____ |
|  |  | Claim 25 _____ |

**C. Sears "Add to Cart"**

| **'745 Patent Claims** | **'838 Patent Claims** | **'115 Patent Claims** |
|---|---|---|
| Claim 1 _____ | Claim 1 _____ | Claim 24 _____ |
| | Claim 2 _____ | Claim 25 _____ |

**D. Sears "Search Suggest"**

| **'745 Patent Claims** | **'838 Patent Claims** | **'115 Patent Claims** |
|---|---|---|
| Claim 1 _____ | Claim 1 _____ | Claim 2 _____ |
| | Claim 2 _____ | Claim 24 _____ |
| | | Claim 25 _____ |

**E. Sears "Store Pickup Locator"**

| **'745 Patent Claims** | **'838 Patent Claims** |
|---|---|
| Claim 1 _____ | Claim 1 _____ |
| | Claim 2 _____ |

**Question No. 5:**

Did Droplets prove by a preponderance of the evidence that Sears indirectly infringed, by inducing a customer to infringe, any of the following features of the asserted claims of the '745, '838, and '115 patents?

**As to each feature listed, answer YES or NO for each listed claim:**

**A. Kmart "Add to Cart"**

| **'745 Patent Claims** | **'838 Patent Claims** | **'115 Patent Claims** |
|---|---|---|
| Claim 1 _____ | Claim 1 _____ | Claim 24 _____ |
| | Claim 2 _____ | Claim 25 _____ |

**B. Kmart "Search Suggest"**

| **'745 Patent Claims** | **'838 Patent Claims** | **'115 Patent Claims** |
|---|---|---|
| Claim 1 _____ | Claim 1 _____ | Claim 2 _____ |
| | Claim 2 _____ | Claim 24 _____ |
| | | Claim 25 _____ |

**C. Sears "Add to Cart"**

| **'745 Patent Claims** | **'838 Patent Claims** | **'115 Patent Claims** |
|---|---|---|
| Claim 1 _____ | Claim 1 _____ | Claim 24 _____ |
| | Claim 2 _____ | Claim 25 _____ |

**D. Sears "Search Suggest"**

| **'745 Patent Claims** | **'838 Patent Claims** | **'115 Patent Claims** |
|---|---|---|
| Claim 1 _____ | Claim 1 _____ | Claim 2 _____ |
| | Claim 2 _____ | Claim 24 _____ |
| | | Claim 25 _____ |

**E. Sears "Store Pickup Locator"**

| **'745 Patent Claims** | **'838 Patent Claims** |
|---|---|
| Claim 1 _____ | Claim 1 _____ |
| | Claim 2 _____ |

**Question No. 6:**

Did Defendants prove by clear and convincing evidence that any of the following claims are invalid as anticipated on any of the following grounds?

**If you find any of the following claims invalid as anticipated, answer YES, otherwise, answer NO.  Answer for all asserted claims regardless of whether you have found those claims were infringed.**

A.  The claimed invention was known to or used by others in the United States before the date of invention?

| **'745 Patent Claims** | **'838 Patent Claims** | **'115 Patent Claims** |
|---|---|---|
| Claim 1 _____ | Claim 1 _____ | Claim 2 _____ |
| | Claim 2 _____ | Claim 24 _____ |
| | | Claim 25 _____ |

B.  The claimed invention was already patented or described in a printed publication, anywhere in the world, before the date of invention?

| **'745 Patent Claims** | **'838 Patent Claims** | **'115 Patent Claims** |
|---|---|---|
| Claim 1 _____ | Claim 1 _____ | Claim 2 _____ |
| | Claim 2 _____ | Claim 24 _____ |
| | | Claim 25 _____ |

C.  The claimed invention was already patented or described in a printed publication, anywhere in the world, more than one year before September 14, 1999?

| **'745 Patent Claims** | **'838 Patent Claims** | **'115 Patent Claims** |
|---|---|---|
| Claim 1 _____ | Claim 1 _____ | Claim 2 _____ |
| | Claim 2 _____ | Claim 24 _____ |
| | | Claim 25 _____ |

D.  The claimed invention was publicly used in the United States more than one year before September 14, 1999?

| **'745 Patent Claims** | **'838 Patent Claims** | **'115 Patent Claims** |
|---|---|---|
| Claim 1 _____ | Claim 1 _____ | Claim 2 _____ |
| | Claim 2 _____ | Claim 24 _____ |
| | | Claim 25 _____ |

E.  The claimed invention was sold or offered for sale in the United States more than one year before September 14, 1999?

| **'745 Patent Claims** | **'838 Patent Claims** | **'115 Patent Claims** |
|---|---|---|
| Claim 1 _____ | Claim 1 _____ | Claim 2 _____ |
| | Claim 2 _____ | Claim 24 _____ |
| | | Claim 25 _____ |

**Question No. 7:**

Did Defendants prove by clear and convincing evidence that any of the following claims are invalid as obvious?

**If you find any of the following claims invalid as obvious, answer YES, otherwise, answer NO.  Answer for all asserted claims regardless of whether you have found those claims were infringed.**

| '745 Patent Claims | '838 Patent Claims | '115 Patent Claims |
|---|---|---|
| Claim 1 _____ | Claim 1 _____ | Claim 2 _____ |
| | Claim 2 _____ | Claim 24 _____ |
| | | Claim 25 _____ |

**Question No. 8:**

Did Defendants prove by clear and convincing evidence that any of the following claims are invalid because they are not enabling?

**If you find any of the following claims invalid as not enabling, answer YES, otherwise, answer NO.  Answer for all asserted claims regardless of whether you have found those claims were infringed.**

| '745 Patent Claims | '838 Patent Claims | '115 Patent Claims |
|---|---|---|
| Claim 1 _____ | Claim 1 _____ | Claim 2 _____ |
| | Claim 2 _____ | Claim 24 _____ |
| | | Claim 25 _____ |

**Question No. 9:**

Did Defendants prove that their accused features are covered by a license agreement with Adobe?

**Please answer YES or NO in the spaces provided below.**

Overstock          _____

Sears              _____

ANSWER THIS QUESTION ONLY FOR THOSE OVERSTOCK FEATURES, IF ANY, AS TO WHICH YOU FOUND AT LEAST ONE PATENT CLAIM WAS INFRINGED AND WAS NOT INVALID.  IF YOU FOUND NO VALID CLAIMS WERE INFRINGED BY AN OVERSTOCK FEATURE, DO NOT ANSWER THIS QUESTION AS TO THAT FEATURE.

**Question No. 10:**

For each feature listed below, what sum of money, if any, if paid now in cash do you find from a preponderance of the evidence would fairly and reasonably compensate Droplets for Overstock's infringement?

**A. Overstock "Search Suggest"**          $_____

**B. Overstock "Mousehover"**          $_____

ANSWER THIS QUESTION ONLY FOR THOSE SEARS FEATURES, IF ANY, AS TO WHICH YOU FOUND AT LEAST ONE PATENT CLAIM WAS INFRINGED AND WAS NOT INVALID.  IF YOU FOUND NO VALID CLAIMS WERE INFRINGED BY A SEARS FEATURE, DO NOT ANSWER THIS QUESTION AS TO THAT FEATURE.

**Question No. 11:**

For each feature listed below, what sum of money, if any, if paid now in cash do you find from a preponderance of the evidence would fairly and reasonably compensate Droplets for Sears's infringement?

**A. Kmart "Add to Cart"**          $_____

**B. Kmart "Search Suggest"**       $_____

**C. Sears "Add to Cart"**          $_____

**D. Sears "Search Suggest"**       $_____

**E. Sears "Store Pickup Locator"** $_____[14]

Signed this _____ day of _____, 2014.

_____
JURY FOREPERSON

---

[14] Droplets objects to this form as unnecessarily confusing and difficult for the jury. Droplets urges the Court to adopt Droplets' proposed form, which is modeled after *DDR Holdings, LLC v. Digital River, Inc.,* Case No. 2:06-CV-42-JRG (E.D. Tex.), (Dkt. No. 521) (Gilstrap, J.)..